CALL & JENSEN
Mark L. Eisenhut, Bar No. 185039
meisenhut@calljensen.com
Matthew R. Orr, Bar No. 211097
morr@calljensen.com
Aaron L. Renfro, Bar No. 255086
arenfro@calljensen.com
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA 92660
Tel: (949) 717-3000
Fax: (949) 717-3100

RUMBERGER, KIRK & CALDWELL, P.A.
Douglas B. Brown, Esq. *[Pro Hac Vice]*
dbrown@rumberger.com
Daniel J. Gerber, Esq. *[Pro Hac Vice]*
dgerber@rumberger.com
Darren McCartney, Esq. *[Pro Hac Vice]*
dmccartney@rumberger.com
Samantha C. Duke, Esq. *[Pro Hac Vice]*
sduke@rumberger.com
Lincoln Plaza, Suite 1400
300 South Orange Avenue
Orlando, FL 32802
Tel.: (407) 872-7300
Fax: (407) 841-2133

Attorneys for Defendants Tempur-Sealy International, Inc., formerly known as Tempur-Pedic International, Inc. and Tempur-Pedic North America, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

MICHAEL DODSON, ALVIN TODD, and HENRY and MARY THOMPSON, et al., individually and on behalf of all others similarly situated,

Plaintiffs,

vs.

TEMPUR-SEALY INTERNATIONAL, INC., formerly known as TEMPUR-PEDIC INTERNATIONAL, INC. and TEMPUR-

Case No. 3:13-cv-04984-JST

**Amended Joint Stipulation and Order to Modify the October 20, 2014 Scheduling Order**

Complaint Filed: October 25, 2013
Trial Date: None Set

PEDIC NORTH AMERICA, LLC,

Defendants.

Pursuant to Local Rules 6 and 7, Plaintiffs and Defendants Tempur-Sealy International, Inc. and Tempur-pedic North America, LLC (collectively, "Defendants", and, together with Plaintiffs, the "Parties"), hereby stipulate and agree to the following modification of the October 20, 2014 Scheduling Order:

**I. BACKGROUND**

1. Plaintiffs filed the original Complaint on October 25, 2013. Plaintiffs filed the First Amended Complaint on November 7, 2013 and the Second Amended Complaint on August 29, 2014. (Doc. 63).

2. Defendants represent that during November 2013 until January 2014, Defendant engaged in an effort to determine the scope of likely document production in order to estimate how long document discovery and Electronically Stored Information ("ESI") searches would take for purposes of the upcoming scheduling conference. Declaration of Daniel Gerber ¶ 4 (hereinafter Gerber Dec.), attached as Exhibit A.

3. On June 4, 2014, this Court entered a Scheduling Order setting the deadline to file the motion for class certification on January 15, 2015. (Doc. 56).

4. On August 5, 2014, Plaintiffs propounded two sets of almost identical discovery on Defendants consisting of 204 requests for production of documents (102 to each Defendant) and 66 interrogatories (33 to each Defendant). Following extensions, Defendants' served responses to the discovery on September 24, 2014. Gerber Dec ¶ 5.

5. Since September 24, 2014, Defendants' counsel has conferred with Plaintiffs' counsel in a good faith effort to reduce the scope of discovery requested;

while all disputes have not been resolved, the scope of discovery is largely settled upon. *See* Gerber Dec. ¶ 6.

6. On August 27th and 29th, 2014, Plaintiffs propounded two more sets of discovery consisting of 42 interrogatories (21 to each Defendant) and 96 requests for production (48 to each Defendant). On September 29th and October 1st, 2014 Defendants served responses to that discovery. *See* Gerber Dec. ¶ 7.

7. On October 17, 2014, the Parties filed a Joint Motion to Modify the Scheduling Order. This Court entered an Order on October 20, 2014 setting the deadline to file the motion for class certification on February 16, 2014. (Doc. 78).

8. On November 7, 2014, Plaintiffs propounded three more sets of discovery containing 118 interrogatories (59 to each Defendant) and 10 requests for production (5 to each Defendant). Defendants have received an extension and have not yet responded to this discovery. *See* Gerber Dec. ¶ 8.

9. Defendants represent that despite Defendants' best efforts, unforeseen technical difficulties and miscommunication have made the deadlines in the October 20, 2014 Scheduling Order impossible to meet. *See* Gerber Dec. ¶ 9. Defendants have not completed an autopsy of the specific failures that led to these delays. Defendants have been focused on complying with discovery.

10. This delay prevents the Parties from maintaining the current schedule set forth in the October 20, 2014 Scheduling Order, which defense counsel thought could be met. *See* Gerber Dec. ¶ 10. Defendants represent that Defendants and Defendants' counsel take seriously their obligations to the Court and to the Plaintiffs to comply with the agreed scope of discovery. However, unforeseen technical difficulties and miscommunication have mired this production. *Id.*

11. Because of the delay in Defendants' production, the Parties have already agreed to postpone the depositions of Defendants' representatives until early 2015. *See* Gerber Dec. ¶ 11.

12. The modification of the October 20, 2014 Scheduling Order will benefit all Parties because it will allow for a full adjudication after a reasonable and complete discovery. The modification to the Scheduling Order will enable the Parties to fully and thoroughly develop and complete the underlying discovery necessary to prepare and respond to Plaintiffs' motion for class certification.

13. This is the second request for modification of the Scheduling Order. Gerber Dec. ¶ 13.

## II. STIPULATION

14. The Parties stipulate and agree to, and request the Court order the following modified deadlines:

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Deadline for Defendants to complete production of all documents in response to non-objected to requests for production | | To be produced on a timely rolling basis through January 31, 2015 |
| Deadline for Plaintiffs to identify expert witnesses and provide proposed deposition dates | January 16, 2015 | May 16, 2015 |
| Deadline to file motion for class certification | February 16, 2015 | June 16, 2015 |
| Deadline for Defendants to identify expert witnesses and provide proposed deposition dates | March 10, 2015 | July 10, 2015 (or 24 days from filing the motion for class |

| | | |
|---|---|---|
| | | certification, whichever is sooner) |
| Depositions of Plaintiffs' expert witnesses re: class certification | February 18, 2015- March 20, 2015 | June 18, 2015- July 20, 2015 (or 2-34 days from filing the motion for class certification, whichever is sooner) |
| Deadline to file opposition to motion for class certification | April 6, 2015 | August 6, 2015 (or 52 days from the filing of the motion for class certification, whichever is sooner) |
| Depositions of Defendants' expert witnesses re: class certification | April 15, 2015-May 9, 2015 | August 15, 2015 – September 9, 2015 (or 60-85 days from filing the motion for class certification, whichever is sooner) |
| Deadline to file reply in support of motion for class certification | June 13, 2015 | October 13, 2015 (or 119 days from filing the motion for class certification, whichever is sooner) |
| Class certification hearing | July 2, 2015 | November 2, 2015 |

Dated: December 15, 2014.

By: */s/ Samantha C. Duke*

Douglas B. Brown, Esq.*
Daniel J. Gerber, Esq.*
Darren K. McCartney, Esq.*
Samantha C. Duke, Esq.*
RUMBERGER, KIRK & CALDWELL
Lincoln Plaza, Suite 1400
300 South Orange Avenue
Orlando, FL 32802
Tel.: (407) 872-7300
Fax: (407) 841-2133

CALL & JENSEN
Mark L. Eisenhut, Bar No. 185039
Matthew R. Orr, Bar No. 211097
Aaron L. Renfro, Bar No. 255086
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA 92660
Tel: (949) 717-3000
Fax: (949) 717-3100

*Attorneys for Tempur-Sealy International, Inc. and Tempur-Pedic North America, LLC*

* Admitted *pro hac vice*

ALLEN STEWART, P.C.
Allen M. Stewart, Esq.
Steve B. Jensen, Esq.
Stephanie B. Sherman, Esq.
325 N. St. Paul Street, Suite 4000
Dallas, Texas 75201
Tel: (214) 965-8700
Fax: (214) 965-8701

AUDET & PARTNERS, LLP
Michael McShane, Esq.
Jonas P. Mann, Esq.
Dana M. Isaac, Esq.
221 Main Street, Suite 1460
San Francisco, CA 94105
Tel: (415) 568-2555
Fax: (415) 568-2556

THE SIMON LAW FIRM, PC.
John G. Simon, Esq.
Ryan Keane, Esq.
80 Market Street, Suite 1700
St. Louis, MO 63101
Tel: (314) 241-2929
Fax: (314) 241-2029

SHIPMAN & WRIGHT, L.L.P.
Gary K. Shipman, Esq.
William G. Wright, Esq.
Angelique Adams, Esq.

575 Military Cutoff Road, Suite 106
Wilmington, NC 28405
Tel: (910) 762-1990

By: */s/ Angelique Adams*

*Attorneys for Plaintiffs and the Proposed Class*

**DECLARATION OF DANIEL J. GERBER**

I, Daniel J. Gerber, declare:

1. I am an attorney licensed to practice law in Florida that has been admitted *pro hac vice* to appear in this case. I am an attorney at the law firm of Rumberger, Kirk & Caldwell, P.A. located in Orlando, Florida, counsel of record for Defendants. I have personal knowledge of the facts contained below and believe that I am competent to testify as to such facts.

2. I make this declaration in support of the Parties' Joint Stipulation to Modify the October 20, 2014 Scheduling Order.

3. This case is a purported class action alleging violations of ten states' consumer protection laws based on allegations of false advertising and deceptive and unfair trade practices.

4. During November 2013 until January 2014, Defendant engaged in an effort to determine the scope of likely document production in order to estimate how long document discovery and Electronically Stored Information ("ESI") searches would take for purposes of the upcoming scheduling conference.

5. On August 5, 2014, Plaintiffs propounded two sets of almost identical discovery on Defendants consisting of 204 requests for production of documents (102 to each Defendant) and 66 interrogatories (33 to each Defendant). Following extensions, Defendants' served responses to the discovery on September 24, 2014.

6. Since September 24, 2014, Defendants' counsel has conferred with Plaintiffs' counsel in a good faith effort to reduce the scope of discovery requested; while all disputes have not been resolved, the scope of discovery is largely settled upon.

7. On August 27th and 29th, 2014, Plaintiffs propounded two more sets of discovery consisting of 42 interrogatories (21 to each Defendant) and 96 requests for production (48 to each Defendant). On September 29th and October 1st, 2014 Defendants served responses to that discovery.

8. On November 7, 2014, Plaintiffs propounded three more sets of discovery containing 118 interrogatories (59 to each Defendant) and 10 requests for production (5 to each Defendant). Defendants have received an extension and have not yet responded to this discovery.

9. Despite Defendants' best efforts, unforeseen technical difficulties and miscommunication have made the deadlines in the October 20, 2014 Scheduling Order impossible to meet. Defendants have not completed an autopsy of the specific failures that led to these delays. Defendants have been focused on complying with discovery.

10. This delay prevents the Parties from maintaining the current schedule set forth in the October 20, 2014 Scheduling Order, which defense counsel thought could be met. Defendants and Defendants' counsel take seriously their obligations to the Court and to the Plaintiffs to comply with the agreed scope of discovery. However, unforeseen technical difficulties and miscommunication have mired this production.

11. Because of the delay in Defendants' production, the Parties have already agreed to postpone the depositions of Defendants' representatives until early 2015.

12. The modification of the October 20, 2014 Scheduling Order will benefit all Parties because it will allow for a full adjudication after a reasonable and complete discovery. The modification to the Scheduling Order will enable the Parties to fully and thoroughly develop and complete the underlying discovery necessary to prepare and respond to Plaintiffs' motion for class certification.

13. This is the second request for modification of the Scheduling Order.

14. I have conferred with counsel for Plaintiffs and they agree to the proposed modifications of the October 20, 2014 Scheduling Order.

I declare under penalty of perjury that the foregoing is true, and that this declaration is made this 15th day of December, 2014.

By: */s/ Daniel J. Gerber*
Daniel J. Gerber

**ORDER**

PURSUANT TO THE ABOVE STIPULATION, IT IS SO ORDERED.

Dated: December 18, 2014 ______________________

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
IT IS SO ORDERED
Judge Jon S. Tigar

**SIGNATURE CERTIFICATION**

I hereby certify that the content of this document is acceptable to Angelique Adams, counsel for Plaintiffs and the Proposed Class, and I have obtained Ms. Adams' authorization to affix his electronic signature to this document.

By: */s/ Samantha C. Duke*

Douglas B. Brown, Esq.*
Daniel J. Gerber, Esq.*
Darren K. McCartney, Esq.*
Samantha C. Duke, Esq.*
RUMBERGER, KIRK & CALDWELL
Lincoln Plaza, Suite 1400
300 South Orange Avenue
Orlando, FL 32802
Tel.: (407) 872-7300
Fax: (407) 841-2133

CALL & JENSEN
Mark L. Eisenhut, Bar No. 185039
Matthew R. Orr, Bar No. 211097
Aaron L. Renfro, Bar No. 255086
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA 92660
Tel: (949) 717-3000
Fax: (949) 717-3100

*Attorneys for Tempur-Sealy International, Inc. and Tempur-Pedic North America, LLC*

* Admitted *pro hac vice*