UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVIN TODD, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>TEMPUR-SEALY INTERNATIONAL, INC., et al.,<br><br>    Defendants. | Case No. 13-cv-04984-JST   (MEJ)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. No. 107 |

**INTRODUCTION**

In this putative class action, Plaintiffs[1] bring claims against Defendants Tempur-Sealy International, Inc. and Tempur-Pedic North America, LLC ("Defendants") arising out of Defendants' marketing and sale of mattresses, pillows, and other bedding products containing TEMPUR® material. On February 27, 2015, the parties filed the present joint discovery letter regarding Plaintiffs' response to Defendants' Interrogatory No. 1. Jt. Ltr. at 1, Dkt. No. 107.

**BACKGROUND**

On June 4, 2014, Defendants served Plaintiffs with interrogatories, including Interrogatory 1, which asked each Plaintiff to "identify all persons with knowledge of the matters contained in the complaint, and describe the topic areas about which each person has knowledge." Jt. Ltr., Ex. A. Plaintiff Keith Hawkins (and the other Plaintiffs) objected on the grounds that the interrogatory was "overbroad, vague, ambiguous, and unduly burdensome," and asserted attorney-

---

[1] On August 29, 2014, Plaintiffs filed a Second Amended Complaint which named 24 class representatives representing 11 states. Dkt. No. 63. Since that filing, several plaintiffs have been voluntarily dismissed, and 18 plaintiffs representing 10 states remain. The remaining plaintiffs are Alvin Todd, Robbie Simmons, Tina White, Keith Hawkins, Thomas Comiskey, Patricia Kaufman, Johnny Martinez, Toni Kibbee, Alan Kaufman, Sara Stone, Jerry Kucharski, Julie Davidoff, Ericka Anderson, Kurt Anderson, Melody Todd, Diane Kuckarski, Tracey Palmer, and Brian Stone.

client privilege and work product objections. *Id.* After negotiations between the parties, on December 8, 2014, Hawkins provided the following supplemental answer:

> Plaintiff states self and wife Terri Hawkins. Plaintiff also identifies all persons enumerated in Plaintiffs' Second Amended Complaint who complained about Defendants' products; Plaintiff does not know or have any additional information or characteristics about said persons besides that which is disclosed in the Complaint.

Jt. Ltr., Ex. B. Defendants maintain that Hawkins' response was limited to his personal knowledge and improperly failed to identify person(s) with knowledge that his counsel knew about. Jt. Ltr. at 1. They argue that Hawkins must provide information based on his counsel's knowledge, especially the names of persons with knowledge. *Id.*

On October 22, 2014, Defendants served a second set of interrogatories on Hawkins. *Id.* at 2. Interrogatory 1 stated: "Please provide the name of each and every current or former employee of either or both of the defendants with whom you, your attorneys, or any employees, agents or independent contractors of any of your attorneys' law firms have communicated." Jt. Ltr.*,* Ex. C. On November 21, 2014, Hawkins served his response:

> Plaintiff objects on the grounds that this Interrogatory seeks information protected under Federal Rule of Civil Procedure 26(b) as privileged and/or work product related to consulting experts. Subject to and without waiving this objection, Plaintiff states there are none that are not covered by these privileges, or that were not otherwise previously identified in Plaintiff's written discovery responses and/or deposition.

*Id*. After subsequent meet and confer efforts, Defendants learned that Plaintiffs' counsel communicated with at least one former employee of Tempur-Pedic that Plaintiffs have not identified. Jt. Ltr. at 2. They seek an order requiring Hawkins to supplement his amended responseto include all persons known by counsel to have knowledge about the issues raised in this case, including counsel's contacts with current or former Tempur-Pedic employees. *Id.* at 3.

## LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 26 provides that a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* A court "must limit

2

1  the frequency or extent of discovery otherwise allowed by [the Federal] rules" if "(i) the discovery
2  sought is unreasonably cumulative or duplicative, or can be obtained from some other source that
3  is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had
4  ample opportunity to obtain the information by discovery in the action; or (iii) the burden or
5  expense of the proposed discovery outweighs its likely benefit, considering the needs of the case,
6  the amount in controversy, the parties' resources, the importance of the issues at stake in the
7  action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C).

## DISCUSSION

9  Defendants argue they have a substantial interest in determining the identity of the former
10 employee, because s/he may have received attorney-client communications while employed by
11 Tempur-Pedic, violated a non-disclosure agreement by communicating with Plaintiffs, or
12 disclosed privileged information during the communications. Jt. Ltr. at 3. As part of the meet and
13 confer process, Defendants contend that Plaintiffs agreed to withdraw their prior objections, and
14 that they waived any claim of privilege by serving their supplemental responses. *Id.* at 1.

15 Plaintiffs admit that their counsel informally consulted one of Defendants' former
16 employees, but they did so in considering this person as a potential expert. *Id.* at 5. They argue
17 that Rule 26(b)(4)(B) precludes discovery against experts who are consulted, but not retained. *Id.*
18 at 4. They note that they did not receive any documents from this individual, did not pay this
19 individual any compensation, and the informal consultation was brief in nature and duration. *Id.*

20 Rule 26(b)(4)(D) provides, "Ordinarily, a party may not, by interrogatories or deposition,
21 discover facts known or opinions held by an expert who has been retained or specially employed
22 by another party in anticipation of litigation or to prepare for trial and who is not expected to be
23 called as a witness at trial." No provision in Rule 26(b)(4) expressly deals with non-witness
24 experts who are informally consulted by a party in preparation for trial but not retained or
25 specially employed in anticipation of litigation. However, "subdivision (b)(4)(B) 'precludes
26 discovery against experts who (are) informally consulted in preparation for trial, but not retained
27 or specially employed.'" *Ager v. Jane C. Stormont Hosp. & Training Sch. for Nurses*, 622 F.2d
28 496, 501 (10th Cir. 1980) ("There is no provision in the rules relating to an expert who was

3

informally consulted. Such persons cannot be discovered or deposed under Rule 26(b)(4)(B).") "[T]his preclusion not only encompasses information and opinions developed in anticipation of litigation, but also insulates discovery of the identity and other collateral information concerning experts consulted informally." *Id.* (citations omitted). Other courts have followed this directive. *See Baki v. B.F. Diamond Const. Co.*, 71 F.R.D. 179, 182 (D. Md. 1976) ("To allow discovery of the identity of such persons merely consulted informally would be to interfere unduly with and hamper pre-trial preparation and investigation."); *Procter & Gamble Co. v. Haugen*, 184 F.R.D. 410 (D. Utah 1999) ("There is no provision in the rules relating to an expert who was informally consulted. Such persons cannot be discovered or deposed under Rule 26(b)(4)(B)."); *Eisai Co. v. Teva Pharm. USA, Inc.*, 247 F.R.D. 440, 442 (D.N.J. 2007) ("A party cannot discover the name of an expert who is informally consulted but never actually retained.").

In this case, Defendants argue that Hawkins must provide information based on his counsel's knowledge. Jt. Ltr. at 4. However, "[a] lawyer's decisions about which people to use in confidence for which purposes in preparing a case for trial is as central to lawyering strategy as one can get." *In re Pizza Time Theatre Sec. Litig.*, 113 F.R.D. 94, 98 (N.D. Cal. 1986). As Plaintiffs maintain that their counsel informally consulted Defendants' former employee as a potential expert, discovery of the individual's identity is ordinarily not permitted.

Further, while the identity of non-testifying experts may sometimes be disclosed after a "very substantial showing of need," such disclosure should only be made after a showing equivalent to "exceptional circumstances." *Id.* No such circumstances exist here. Defendants have not shown why they are unable to determine the identity of their own former employees and, despite their argument to the contrary, have presented no evidence of any violation of a non-disclosure agreement or disclosure of privileged information related to this individual. As to Defendants' argument that Plaintiffs waived any claimed privilege by serving their supplemental responses, it is unclear how Plaintiffs' identification of "all persons enumerated in Plaintiffs' Second Amended Complaint who complained about Defendants' products" waives any claim of privilege related to their counsel's informal consultation with a potential expert.

4

**CONCLUSION**

For the foregoing reasons, the Court DENIES Defendants' request to compel a further response to Interrogatory No. 1.

**IT IS SO ORDERED.**

Dated: March 6, 2015

_____
MARIA-ELENA JAMES
United States Magistrate Judge