1   Allen M. Stewart (SBN 262594)
    astewart@allenstewart.com
2   Stephanie Brooks Sherman (Pro Hac Vice)
    ssherman@allenstewart.com
3   ALLEN STEWART, P.C.
4   325 N. St. Paul Street, Suite 4000
    Dallas, Texas  75201
5   Telephone: (214) 965-8700
    Facsimile: (214)965-8701
6
7   Michael McShane (SBN 127944)
    mmcshane@audetlaw.com
8   Jonas P. Mann (SBN 263314)
    jmann@audetlaw.com
9   AUDET & PARTNERS, LLP
    221 Main Street, Suite 1460
10  San Francisco, CA 94105
11  Telephone: (415) 568-2555
    Facsimile: (415) 568-2556
12
13  Gary K. Shipman (Pro Hac Vice)
    gshipman@shipmanlaw.com
14  William G. Wright (Pro Hac Vice)
    wwright@shipmanlaw.com
15  Angelique Adams (Pro Hac Vice)
    aadams@shipmanlaw.com
16  SHIPMAN & WRIGHT, LLP
    575 Military Cutoff Rd., Suite 106
17  Wilmington, NC 28405
    Telephone: (910) 762-1990
18  Facsimile: (910) 762-6752
19
    John Simon (Pro Hac Vice)
20  jsimon@simonlawpc.com
    Anthony Simon (Pro Hac Vice)
21  asimon@simonlawpc.com
    SIMON LAW FIRM, P.C.
22  800 Market Street
    St. Louis, MO 63101
23  Telephone: (314) 241-2929
    Facsimile: (314) 241-2029
24
25  *Attorney for Alvin Todd and Melody Todd, et al., and the Proposed Class*
    (Additional Plaintiffs Set Forth Below on Signature Page)
26
27
28
    _____
    PLAINTIFFS' NOTICE OF MOTION AND MOTION TO AMEND CLASS ACTION
    COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
    THEREOF – 3:13-cv-04984-JST                                        Page 1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| **ALVIN TODD AND MELODY TODD, et al.,** individually and on behalf of all others similarly situated | ) ) ) | Case No. 3:13-cv-04984-JST |
| | ) ) | **PLAINTIFFS' NOTICE OF MOTION AND MOTION TO AMEND CLASS** |
| Plaintiffs, | ) ) | **ACTION COMPLAINT; MEMORANDUM OF POINTS AND** |
| | ) ) | **AUTHORITIES IN SUPPORT** |
| vs. | ) ) | **THEREOF** |
| **TEMPUR SEALY INTERNATIONAL, INC.,** formerly known as **TEMPUR-PEDIC INTERNATIONAL, INC.** and **TEMPUR-PEDIC NORTH AMERICA, LLC** | ) ) ) ) ) ) ) | Judge: Honorable Jon S. Tigar Date: Aug. 20, 2015 Time: 2:00 P.M. Crtm: 9, 19th Floor |
| Defendants. | ) ) ) ) | Complaint   Filed: October 25, 2013 Trial Date:  None Set |

**TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:**

        **PLEASE TAKE NOTICE** that on August 20, 2015, at 2:00 P.M. or as soon thereafter as

the motion may be heard, at the United States District Court, located at 450 Golden Gate

Avenue, San Francisco, California, Plaintiffs, ALVIN TODD and MELODY TODD, et al.

(collectively referred to as "PLAINTIFFS"), by and through counsel, will and hereby do move

this Court for an order pursuant to Rule 15(a) and Rule 21 of the Federal Rules of Civil

Procedure, allowing the Plaintiffs to amend their previous Class Action Complaint, in the

manner set out in the Third Amended Complaint, attached hereto as Exhibit "1."

        This Motion is made on the grounds that there is no more liberal canon in the rules than

the leave to amend, which "shall be freely given when justice so requires," there is no present

1   undue delay nor will there be any undue delay from this amendment, there is no bad faith by

2   Plaintiffs for moving for this amendment, and there will be no material prejudice to Defendants

3   from granting this amendment.

4       This Motion is based on this Notice of Motion, the accompanying Memorandum of

5   Points and Authorities, the pleadings and papers on file in this action, and such other and further

6   matters as the Court may consider.  If granted, Plaintiffs pray that the Defendants shall have

7   thirty (30) days to respond to the Amended Complaint.

8

9   DATED:  July 16, 2015

10                                  By:  /s/ Allen M. Stewart_____
                                        Allen M. Stewart (262594)
11                                      ALLEN STEWART, P.C.
                                        Steve Baughman Jensen (Pro Hac Vice)
12                                      Stephanie Brooks Sherman (Pro Hac Vice)
                                        325 N. St. Paul Street, Suite 4000
13                                      Dallas, Texas  75201
                                        214/965-8700
14                                      214/965-8701 (fax)

15

16                                      Michael McShane (SBN 127944)
                                        mmcshane@audetlaw.com
17                                      Jonas P. Mann (SBN 263314)
                                        jmann@audetlaw.com
18                                      AUDET & PARTNERS, LLP
                                        221 Main Street, Suite 1460
19                                      San Francisco, CA 94105
                                        415/568-2555
20                                      415/ 568-2556 (fax)

21

22                                      SHIPMAN & WRIGHT
                                        Gary K. Shipman (Pro Hac Vice)
23                                      William G. Wright (Pro Hac Vice)
                                        Angelique Adams (Pro Hac Vice)
24                                      575 Military Cutoff Road, Suite 106
                                        Wilmington, North Carolina 28405
25                                      910/762-1990
                                        910/762-6752 (fax)
26

27

28

1

2               SIMON LAW FIRM, P.C.
               John Simon (Pro Hac Vice)
3               Anthony Simon (Pro Hac Vice)
               800 Market St.
4               St. Louis, MO 63101
               314/241-2929
5               314/241-2029 (fax)

6

7               *Attorneys for Plaintiffs Alvin Todd, Melody Todd,*
8               *Robbie Simmons, Tina White, Keith Hawkins,*
               *Thomas Comiskey, Alan Kaufman, Patricia*
9               *Kaufman, Johnny Martinez, Julie Davidoff,*
               *Tracey Palmer, Toni Kibbee, Brian Stone, Sara*
10              *Stone, Kurt Andersen, Ericka Andersen, Jerry*
               *Kucharski, Diane Kucharski and the Proposed*
11              *Class*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO AMEND CLASS ACTION
COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
THEREOF – 3:13-cv-04984-JST                             Page 4

## MEMORANDUM IN SUPPORT OF MOTION TO AMEND CLASS ACTION COMPLAINT

### STATEMENT OF THE CASE AND THE FACTS

Plaintiffs bring this action on their own behalf and on behalf of a putative class of purchasers of Tempur-Pedic products against Defendants Tempur-Sealy International, Inc. and Tempur-Pedic North America, LLC (collectively "Defendants") for claims arising out of Defendants' marketing and sale of mattresses, pillows, and other bedding products containing "Tempur" material. Plaintiffs initially brought this action by filing a Class Action Complaint on October 25, 2013. Prior to Defendants filing their responsive pleading and as a matter of right, Plaintiffs filed an Amended Class Action Complaint on November 7, 2013. Plaintiffs filed a Motion for Leave to File a Second Amended Complaint which was granted on August 29, 2014.

Disccovery has been undertaken pursuant to the provisions of a scheduling order (as modified)  and Plaintiffs seek to amend their complaint to add one additional claim for relief, a nationwide class claim for unjust enrichment, applying the law of the State of Kentucky, and to remove Plaintiffs who no longer wish to pursue this litigation and have been dismissed. The Motion also seeks to remove the specific allegations related to those named Plaintiffs who have been dismissed. In summary fashion, the proposed Third Amended Complaint makes the following general changes. The Amended Complaint:

(1) Adds one (1) nationwide class based on Kentucky Law.
(2) Removes two claims based on North Carolina Law.
(3) Removes the following names and client specific details from the body of the complaint:
    a.  Barbara Warren
    b.  Louis and Dian Pace
    c.  Debra Evangelista
    d.  Rosemarie Valdez
    e.  Joseph Saline

## ARGUMENT

**I.      Plaintiffs' Motion should be granted.**

Fed. R. Civ. P. 15 (a) provides in pertinent part:

> **(a) Amendments Before Trial**
> ....
> **(2) *Other Amendments*.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. <u>The court should freely give leave when justice so requires.</u>

Fed. R. Civ. P. 15 (2015) (emphasis added). Rule 15 requires that a plaintiff obtain either consent of the defendant or leave of court to amend their pleadings, but "leave *shall* be freely given when justice so requires." <u>LiveCareer Ltd v. Su Jia Technologies Ltd.</u>, No. 14-CV-03336-JST, 2015 WL 4089800, at *1 (N.D. Cal. July 2, 2015). It is well established that "[f]ederal courts have broad powers to amend pleadings in matters of form at any stage of the case. This is liberally construed to the end that the courts may be free of technical rules of procedure which delay the determination of causes on their merits." <u>United States v. Koike</u>, 164 F.2d 155, 157 (9th Cir. 1947). Leave to amend is thus ordinarily granted unless the amendment is futile, would cause undue prejudice to the defendants, or is sought by plaintiffs in bad faith or with a dilatory motive. <u>Smith v. Pacific Properties and Dev. Corp.</u>, 358 F.3d 1097, 1101 (9th Cir. 2004). "Unlike amendments as of course, amendments under Rule 15(a)(2) may be made at any stage of the litigation." 6 Fed. Prac. & Proc. Civ. § 1484 (3d ed. 2015). "[A] party may make a rule 15(a) amendment to add, substitute, or drop parties to the action …" 6 Fed. Prac. & Proc. Civ. § 1484 (3d ed. 2015). "The only prerequisites [to amendments under Rule 15(a)] are that the district court have jurisdiction over the case and an appeal must not be pending. If these two conditions are met, the court will proceed to examine the effect and the timing of the proposed amendments to determine whether they would prejudice the rights of any of the other parties to the suit. If no prejudice is found, then leave normally will be granted." 6 Fed. Prac. & Proc. Civ. § 1484; *accord* <u>Foman v. Davis</u>, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962) ("Rule

15(a) declares that leave to amend 'shall be freely given when justice so requires; **this mandate is to be heeded**.") (emphasis added).   Courts generally consider five factors when deciding whether to grant a motion for leave to amend pursuant to Rule 15:  (i) bad faith on the part of the movant; (ii) undue delay in filing the motion; (iii) prejudice to the opposing party; (iv) futility of amendment; and (v) whether the plaintiff has previously amended the complaint.  *See* United States v. Corinithian Colls, 655 F.3d 984, 995 (9th Cir. 2011).  Consideration of prejudice to the opposing party carries the greatest weight.  Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048 (9th Cir. 2003). Delay alone is not sufficient to justify the denial of a motion to amend. LiveCareer Ltd., supra at *2.  A proposed amendment is futile "only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid or sufficient claim or defense."  Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988).  Denial of a motion to amend on grounds of futility is rare and "courts generally defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed."  Clarke v. Upton, 703 F.Supp.2d 1037, 1043 (E.D.Cal. 2010).

The Northern District of California has granted a Motion for Leave to File the Third Amended Complaint when the "parties are currently focused on class certification." Hawthorne v. Umpqua Bank, 11-CV-06700-JST, 2014 WL 295499, at *3 (N.D. Cal. Jan. 26, 2014).  The proposed amendment in Hawthorne was a tolling of the statute of limitations, thus enlarging the class size. Id. at *1. The court granted the Motion and found that the amendment would not render the discovery already undertaken unnecessary, nor did the delay impose any additional costs or legal prejudice.  Id. at *3. The Northern District has also found in favor of proposed amendments where they will not change the nature of the case and necessitate extensive further discovery.  In re: Facebook Priv. Litig., C-10-02389-RMW, 2015 WL 632329, at *2 (N.D. Cal. Feb. 13, 2015); *see also* Mach-T3 Engr., LLC v. Bae Sys. Land & Armaments LP, C09-03886 HRL, 2010 WL 956407, at *2 (N.D. Cal. Mar. 12, 2010) (allowing amended complaint to add

new breach of contract theory when "based upon essentially the same universe of facts alleged in the original complaint"). Courts have also found that delay alone is an insufficient reason to deny leave to amend. *See* <u>DCD Programs, Ltd. V. Leighton</u>, 833 F.2d 183, 186 (9th Cir. 1987); <u>In re TFT-LCD (Flat Panel) Antitrust Litig.</u>, No. 07-1827-SI, 2012 WL 6126144, at *2 (N.D. Cal. Dec. 10, 2012); *see also* <u>Ur-Rahman v. RadioShack Corp.</u>, C-07-04427 RMW, 2008 WL 2949273, at *2 (N.D. Cal. July 25, 2008) (seeking amendment to allege new claim after 10 months not "undue" delay).

In this case, there is no undue delay from this amendment. The date to amend pleadings has not expired.  The proposed amendment merely removes from the complaint Plaintiffs who are no longer participating in the litigation, adds additional, but consistent, factual allegations on the basis of information learned during discovery, and adds one additional claim under the law of the State of Kentucky for unjust enrichment, among the several unjust enrichment claims already advanced.  This claim is based upon factual allegations arising out of the same transactions or occurrences of which the Defendants were already put on notice by previous versions of the Complaint.

Any delay in this case is not undue, for discovery and the depositions of parties and witnesses is still ongoing. Similarly, the amendment and the additional claim are being brought for a proper purpose and not in bad faith. The purpose is to remove Plaintiffs who are no longer participating in the litigation, and to add a claim which is common to all Plaintiffs and consistent with the nature of the case, as previously pled. Finally, the Defendants will not be prejudiced in any way with respect to their ability to prepare their defenses as no unique claims are being added against the Defendants. Defendants would not be prejudiced by the delay, if any, because Defendants were already aware of the allegations upon which these amendments were based.

1   Accordingly, as there is no undue delay, bad faith, or prejudice to the Defendants associated with

2   the Plaintiffs' Motion to Amend, this Motion to Amend should be allowed.

3                                              <u>CONCLUSION</u>

4           Based upon the foregoing, the Plaintiffs respectfully request that the Court enter an Order

5   granting the Plaintiffs leave of Court to file the Third Amended Complaint attached as Exhibit

6   "1" to Plaintiffs' Motion to Amend, and for such other and further relief as the Court deems just

7
8   and proper.

9    DATED:  July 16, 2015                      /s/ Allen M. Stewart_____
                                                Allen M. Stewart (262594)
10                                              ALLEN STEWART, P.C.
                                                325 N. St. Paul Street, Suite 4000
11                                              Dallas, Texas  75201
                                                214/965-8700
12                                              214/965-8701 (fax)

13
                                                ***Attorneys for Plaintiffs, Alvin Todd, Melody Todd,***
14                                              ***Robbie Simmons, Tina White, Keith Hawkins,***
                                                ***Thomas Comiskey, Alan Kaufman, Patricia***
15                                              ***Kaufman, Johnny Martinez, Julie Davidoff,***
                                                ***Tracey Palmer, Toni Kibbee, Brian Stone, Sara***
16                                              ***Stone, Kurt Andersen, Ericka Andersen, Jerry***
                                                ***Kucharski, Diane Kucharski and the Proposed***
17                                              ***Class***

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2015 I electronically filed the foregoing document described as **PLAINTIFFS' NOTICE OF MOTION AND MOTION TO AMEND; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** with the Clerk of the Court using the CM/ECF System which will send notification of such filing via electronic mail to all counsel of record.

By:   /s/ *Allen M. Stewart*
Allen M. Stewart (262594)
ALLEN STEWART, P.C.
325 N. St. Paul Street, Suite 4000
Dallas, Texas  75201
214/965-8700
214/965-8701 (fax)

*Attorneys for Plaintiffs Alvin Todd, Melody Todd, Robbie Simmons, Tina White, Keith Hawkins, Thomas Comiskey, Alan Kaufman, Patricia Kaufman, Johnny Martinez,  Julie Davidoff, Tracey Palmer, Toni Kibbee, Brian Stone, Sara Stone, Kurt Andersen, Ericka Andersen, Jerry Kucharski, Diane Kucharski and the Proposed Class*