1

2

3

4                    UNITED STATES DISTRICT COURT

5                  NORTHERN DISTRICT OF CALIFORNIA

6

7    ALVIN TODD, et al.,                         Case No.  13-cv-04984-JST

            Plaintiffs,
8
                                                 **ORDER GRANTING MOTION TO
9          v.                                    AMEND CLASS ACTION COMPLAINT**

10   TEMPUR-SEALY INTERNATIONAL,                  Re: ECF No. 130, 149
     INC., et al.,
11          Defendants.

12          Before the Court is Plaintiffs' Motion to Amend Class Action Complaint.  ECF Nos. 130,

13   149.[1]  Defendants Tempur-Sealy International, Inc. and Tempur-Pedic North America, LLC

14   ("Tempur-Sealy") oppose the motion.  ECF No. 140.  For the reasons set forth below, the Court

15   will grant the motion for leave to amend.

16   **I.      BACKGROUND**

17          Plaintiffs bring this action on behalf of themselves and a putative class of purchasers of

18   Tempur-Sealy products, for claims arising out of Defendants' marketing and sale of mattresses,

19   pillows, and other bedding products containing "Tempur" material.  Plaintiffs filed their initial

20   complaint on October 25, 2013.  ECF No. 1.  They filed a First Amended Complaint shortly

21   thereafter, on November 7, 2013.  ECF No. 4.  On August 14, 2014, they sought leave to file a

22   Second Amended Complaint ("SAC"), which was granted pursuant to the parties' stipulation on

23   August 29, 2014.  ECF No. 62.  The operative SAC asserts causes of action for: (1) violation of

24   Business and Professions Code section 17200 et seq.; (2) violation of Business and Professions

25   Code section 17500 et seq.; (3) violations of California Civil Code section 1750 et seq.; and

26   (4) violations of various other state consumer protection laws and common law unjust enrichment

27   _____

28   [1] Plaintiffs first filed their motion for leave to amend on July 16, 2015.  ECF No. 130.  In
     compliance with the Court's order on Plaintiffs' administrative motions to file documents under
     seal, ECF No. 143, Plaintiffs re-filed the motion on August 13, 2015.  ECF No. 149.

United States District Court
Northern District of California

claims.  SAC, ECF No. 63, at 1.

Plaintiffs now seek leave to file their proposed Third Amended Complaint ("TAC").  ECF No. 130.  The proposed TAC would: (1) add a nationwide class claim for unjust enrichment, applying Kentucky law; (2) add new factual allegations based on information learned during discovery; (3) remove two claims based on North Carolina law; and (4) remove the names and details of Plaintiffs who no longer wish to pursue this litigation and have been dismissed.  Id. at 5, 8.  Plaintiffs' motion was filed on the same day as their motion for class certification, which proposes certification of the classes described in the proposed TAC.  ECF No. 133.  Defendants' deadline for filing their opposition to Plaintiffs' class certification motion is September 3, 2015, and the hearing is scheduled for November 19, 2015.  ECF No. 128.

The Court has jurisdiction over this action pursuant to 28 U.S.C. sections 1332(d) and 1367.

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a)(2), a "court should freely give leave [to amend] when justice so requires."[2]  The Court considers five factors in deciding a motion for leave to amend:  bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended his complaint.  In re W. States Wholesale Natural Gas Antitrust Litig., 715 F.3d 716, 738 (9th Cir. 2013).  Of these factors, "the consideration of prejudice to the opposing party [] carries the greatest weight."  Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).  The rule is "to be applied with extreme liberality."  Id. at 1051 (quoting Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001)).

_____

[2] Defendants suggest that the Rule 16(b)(4) good cause standard for modifying a scheduling order should apply because the parties agreed to an August 14, 2014, deadline to amend the pleadings in this case.  ECF No. 140 at 5; see ECF No. 54 at 11.  The parties' agreement appeared in a joint case management statement, rather than in a formal stipulation or scheduling order.  Because Plaintiffs "should not be held to a somewhat ambiguous deadline," the Court will evaluate the motion under Rule 15.  Morello v. AMCO Ins. Co., 11-cv-06623-WHO, 2014 WL 1647593, at *3 (N.D. Cal. Apr. 23, 2014); see also Moreno v. Autozone, Inc., No. 05-cv-04432-MJJ, 2007 WL 1063433, at *8 (N.D. Cal. Apr. 9, 2007) ("Because the Court did not formally approve the proposed order submitted with the parties' February 2006 joint case management statement (Docket No. 13), nor the parties' March 2006 proposed pre-certification case management order, the Court declines Defendant's invitation to analyze Plaintiffs' request for leave to amend under a Rule 16 rubric.").

United States District Court
Northern District of California

Generally, a court should determine whether to grant leave indulging "all inferences in favor of granting the motion." <u>Griggs v. Pace Am. Grp., Inc.</u>, 170 F.3d 877, 880 (9th Cir. 1999). "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , [or] futility of amendment, etc.'" <u>Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.</u>, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962)).

## III.   DISCUSSION

Plaintiffs seek to file a proposed TAC including a new nationwide unjust enrichment claim; adding additional factual allegations based on information gathered during discovery; and removing several Plaintiffs and allegations specific to those individuals.  ECF No. 130. Defendants argue that the motion should be denied because of undue delay, prejudice to the Defendants, bad faith, and the futility of the proposed amendment.  ECF No. 140.

### A.   Undue Delay

Defendants argue that the Court should deny Plaintiffs leave to amend because of the delay between the parties' agreed-upon August 14, 2014, deadline to amend the pleadings and the filing of Plaintiffs' motion on July 16, 2015.  ECF No. 140 at 4-6; <u>see</u> ECF No. 54 at 11; ECF No. 59 at 5.  While Defendants acknowledge that the parties will likely engage in additional discovery on the merits of the case, they state that "class discovery is essentially complete."  ECF No. 140 at 5. Defendants contend that there is no apparent precipitating reason for the amendment, and no explanation for why the motion was filed almost a year after the deadline and on the same day as the motion for class certification.  <u>Id.</u> at 6.

Plaintiffs respond that there is no Court-ordered deadline to amend the pleadings in this case.  ECF No. 144 at 7.  Moreover, there is no undue delay because "[v]irtually all of the documentary evidence and all of the deposition testimony of the Defendants' employees was procured through discovery after the Second Amended Complaint was filed in August of 2014." <u>Id.</u> at 8.  Defendants have produced more than 650,000 pages of documents, with the last production in June of 2015.  <u>Id.</u> at 8-9.  Depositions of Defendants and their employees, which

were rescheduled due to Defendants' inability to meet anticipated production dates, occurred

between February and May of 2015.   Id. at 9.

The Court concludes that there has been no showing that Plaintiffs unduly delayed in filing

this motion.  Discovery in this case has been hampered by technical and other difficulties outside

the Plaintiffs' control.  See ECF No. 82 at 4.  Defendants have produced hundreds of thousands of

pages of documents, some in June 2015, and discovery is ongoing.  In light of these

circumstances, the filing of Plaintiffs' motion for leave to amend on July 16, 2015, was not

unreasonable.  See James v. UMG Recordings, Inc., No. 11-01613-SI, 2012 WL 4859069, at *2

(N.D. Cal. Oct. 11, 2012) ("Five months to complete a review of the discovery and draft the

consolidated amended complaint is not *undue* delay.").

**B.      Prejudice**

Second, Defendants argue that Plaintiffs' motion should be denied because of the

significant potential for prejudice resulting from the delayed amendment.  ECF No. 140 at 6-11.

"[T]he consideration of prejudice to the opposing party [] carries the greatest weight" in the

Court's analysis.  Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

Defendants state that they have engaged in substantial discovery in reliance on their understanding

that the pleadings were closed, and object that the proposed TAC "drastically changes the

definitions of the classes that Plaintiffs seek to represent," "significantly expands the scope of the

Plaintiffs' claims" by adding factual allegations concerning advertisements that were not

previously at issue, and expands the class period by fourteen months.  Id. at 7-10.  "[A]t

minimum," Defendants will now need to propound new written discovery and re-take the

depositions of each of the Plaintiffs.  Id. at 9-10.  In addition, Defendants argue that they will

suffer prejudice because the uncertainty in the pleadings forces them to aim at a moving target in

opposing Plaintiffs' motion for class certification.  Id. at 10-11.

Plaintiffs argue that Defendants can demonstrate no real prejudice because discovery is

ongoing and no trial date has been set.  ECF No. 144 at 5-6.  Moreover, Plaintiffs have added only

factual allegations based on the evidence produced in discovery and an unjust enrichment claim

that mirrors the unjust enrichment claims included in the SAC.  Id. at 6.  They contend that any

prejudice to Defendants from having deposed Plaintiffs before the filing of the TAC is attributable to Defendants themselves, because they "insisted on taking Plaintiffs['] depositions in some instances before the Second Amended Complaint was filed and in all instances except for four depositions before Defendants had produced any responsive advertisement documents pursuant to Plaintiffs' discovery requests." Id. at 7.

The Court finds that Defendants have not shown that they will be substantially prejudiced by the proposed amendment. Discovery in this case is ongoing, and no schedule has been set beyond the hearing on Plaintiffs' motion for class certification. Although Defendants may incur additional expense responding to the new complaint, they will not have to radically change their litigation strategy in order to defend against related advertising allegations and an additional unjust enrichment claim. See James, 2012 WL 4859069, at *2 (finding no substantial prejudice where the amended complaint added similar claims and facts, and "the nature of the litigation and the course of defense will not be substantially altered"); Serpa v. SBC Telecomms., Inc., 318 F. Supp. 2d 865, 872 (N.D. Cal. 2004) (finding no substantial prejudice where "defendants need not radically change their litigation strategy in order to accommodate the proposed [] claims").

The Court does recognize that the timing of the motion for leave to amend puts Defendants at a disadvantage in opposing the motion for class certification because the proposed TAC adds a new nationwide unjust enrichment class. Accordingly, the Court will amend the briefing schedule for the motion for class certification, as set forth below.

## C. Bad Faith

Defendants argue that the "circumstances of this motion strongly indicate it was brought as a strategic move to divert Defendants' and this Court's attention from the pending motion for class certification and . . . get a second bite at the certification apple." ECF No. 140 at 1. Plaintiffs respond that the motion is the "logical result" of the culmination of months of review, analysis, and drafting following Defendants' belated document production, and was not filed in bad faith. ECF No. 144 at 9.

The timing of the motion, which was filed on the same day as Plaintiffs' motion for class certification, will disrupt the case schedule. It does not, however, amount to "strong evidence" of

1   bad faith. Sonoma Cnty. Ass'n of Retired Emps., 708 F.3d at 1117. As discussed above, there has

2   been no showing that Plaintiffs unduly delayed in seeking leave to amend, or that granting the

3   motion will substantially prejudice Defendants. See James, 2012 WL 4859069, at *2.

4   Accordingly, the Court will not deny leave to amend on this ground.

5       **D.      Futility of Amendment**

6       Finally, Defendants argue that the Court should deny leave to amend because the proposed

7   amendment would be futile. ECF No. 140 at 13-14. Defendants state that they would move to

8   strike the class allegations seeking to represent a nationwide unjust enrichment class on the

9   grounds that choice of law rules preclude the application of Kentucky law on a nationwide basis in

10  this case. Id. at 13. They would also move to dismiss the unjust enrichment claim under

11  Kentucky law because each Plaintiff has alleged an identical unjust enrichment claim under the

12  law of his or her home state. Id. at 13-14.

13      "Under Rule 15(a), '[i]f the underlying facts or circumstances relied upon by a plaintiff

14  may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the

15  merits.'" Allen v. Bayshore Mall, No. 12-cv-02368-JST, 2013 WL 6441504, at *5 (N.D. Cal.

16  Dec. 9, 2013) (quoting Foman, 371 U.S. at 182). For this reason, denial of a motion for leave to

17  amend on the ground of futility "is rare and courts generally defer consideration of challenges to

18  the merits of a proposed amended pleading until after leave to amend is granted and the amended

19  pleading is filed." Clarke v. Upton, 703 F. Supp. 2d 1037, 1043 (E.D. Cal. 2010) (citing Netbula,

20  LLC v. Distinct Corp., 212 F.R.D. 534, 539 (N.D. Cal. 2003)). At this point, without the benefit

21  of formal briefing on the choice of law issue, the Court cannot say as a matter of law that the

22  amendment would be futile. Accordingly, the Court will not deny leave to amend on this basis.

23              **CONCLUSION**

24      For the foregoing reasons, the motion to amend is granted. Plaintiffs shall file their TAC

25  / / /

26  / / /

27  / / /

28  / / /

United States District Court
Northern District of California

1    within seven days of the date of this order.  The Court will modify the briefing schedule on the

2    motion for class certification by separate order.

3          IT IS SO ORDERED.

4    Dated: August 26, 2015

5

6    _____
                    JON S. TIGAR
7            United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28