# EXHIBIT F



# ALLEN STEWART
A PROFESSIONAL CORPORATION

August 27, 2013

**Via Certified Mail - Return Receipt Requested**

Temper Sealy International, Inc.
Tempur-pedic International, Inc.
Tempur-pedic America, LLC
Tempur-pedic North America, LLC
Office of the General Counsel
1000 Tempur Way
Lexington, KY 40511

Tempur-pedic NA, Inc.
Tempur-pedic North America, Inc.
Tempur-pedic Retail, Inc.
Office of the General Counsel
1713 Jaggie Fox Way
Lexington, KY 40511

Sleepy's
350 Palmer Rd #119
Ware, MA 01082

Re: **Demand Letter Pursuant to Mass. Gen. Laws Ann. Ch. 93A, § 9**

To Whom It May Concern:

  This letter serves as a preliminary notice and demand for corrective action by Tempur Sealy International, Inc., Tempur-pedic International, Inc., Tempur-pedic America, LLC, Tempur-pedic North America, LLC, Tempur-pedic NA, Inc., Tempur-pedic North America, Inc., and Tempur-pedic Retail, Inc. (hereinafter "Tempur-pedic') pursuant to the provisions of Mass. Gen. Laws Ann. Ch. 93 § 9, on behalf of our client Tina White and all other persons similarly situated.

  In the summer of 2012, Tina White visited Sleepy's located at 350 Palmer Rd #119 in Ware, MA and purchased a Tempur-pedic Rhapsody mattress. In September of 2012, due to certain defects and client dissatisfaction, that mattress was replaced by Sleepy's Ware, MA store with a Tempur-pedic Signature Select mattress. Ms. White purchased a Tempur-pedic pillow from Sleepy's Ware, MA location in May of 2013 and then purchased two more Tempur-pedic

pillows from the same store in June of 2013. In July of 2013 Sleepy's corporate office replaced Ms. White's Tempur-pedic Signature Select mattress with another Tempur-pedic Rhapsody mattress. At the time of Ms. White's purchases Tempur-pedic advertised on its website that Tempur-pedic's products were formaldehyde free and did not contain harmful volatile organic compounds (hereinafter "VOCs"). Ms. White has come to learn that such statements are not true and in fact Tempur-pedic's mattresses and pillows at initial purchase can contain formaldehyde, a known human carcinogen, and other harmful VOCs.

Tempur-pedic's use of false, misleading and deceptive statements in its advertising of all its Tempur-pedic mattresses and pillows for many years created the false belief among its retailers and customers that Tempur-pedic products were free of formaldehyde and other harmful VOCs. Tempur-pedic's consistent pervasive false statements of this nature, which both Tempur-pedic and Tempur-pedic's retailers used to advertise, market and sell Tempur-pedic's products, caused our clients and others to purchase Tempur-pedic mattresses and pillows that they would not have otherwise purchased at the retail price charged if Tempur-pedic would have truthfully stated that Tempur-pedic's mattresses and pillows can and do contain formaldehyde, a known human carcinogen, and other harmful VOCs. As such, Tempur-pedic's actions violate provisions of Massachusetts law including the Mass. Gen Law Ann. § 9.

We hereby demand that Tempur-pedic immediately (1) cease and desist from falsely advertising, marketing and otherwise stating that its Tempur-pedic products do not contain formaldehyde and other harmful VOCs; (2) inform all its retailers that the forgoing statements are false and misleading and instruct them to discontinue representing to potential customers that Tempur-pedic products are free of formaldehyde and harmful VOCs; and (3) refund our clients and all other persons like them the purchase price of their mattresses and pillows purchased during the time period that Tempur-pedic falsely advertised, marketed and otherwise publicly represented that its mattresses and pillows are free of formaldehyde and harmful VOCs.

It is further demanded that Tempur-pedic preserve all documents and other evidence that refers or relates to any of the above-described practices including, but not limited to, the following:

1. All documents identifying Tempur-pedic mattress and pillow purchases in the United States from 2004 to the present.

2. All documents showing the total amount of money Tempur-pedic and its affiliated retailers received from the purchase of Tempur-pedic mattresses and pillows from 2004 to the present.

3. All documents concerning the presence or alleged absence of formaldehyde and other VOCs in Tempur-pedic's mattresses, pillows or other materials from 2004 to the present.

4. All documents concerning any testing Tempur-pedic performed or contracted to be performed on Tempur-pedic mattresses, pillows or other materials seeking to measure

or quantify the amount of formaldehyde and other VOCs present in Tempur-pedic's mattresses, pillows or other materials from 2004 to the present.

5.   All documents relating to Tempur-pedic's policies for testing its mattresses, pillows or other materials from 2004 to the present.

6.   All Tempur-pedic mattress, pillow and other sales, advertising, marketing, and sales training materials from 2004 to the present, including all website and other electronic content.

7.   All Tempur-pedic internal and external communications concerning the presence or absence of formaldehyde and other VOCs in Tempur-pedic's mattresses, pillows or other materials.

Please comply with this demand within 30 days from receipt of this letter.

We are willing to negotiate with Tempur-pedic to attempt to resolve the demands asserted in this letter. If Tempur-pedic wishes to enter into such discussions, please contact me immediately. If I do not hear from you within 15 days of the date of this letter, I will conclude that Tempur-pedic is not interested in resolving this dispute short of litigation.

If Tempur-pedic contends that any statement in this letter is inaccurate in any respect, please provide me with your contentions and supporting documents immediately upon receipt of this letter, but in no event later than 30 days from the date of receipt.

Very truly yours,

By: *[signature]*

Allen M. Stewart
ALLEN STEWART, P.C.
325 N. St. Paul Street, Ste 4000
Dallas, Texas 75201
P. 214.965.8700
F. 214.965.8701
astewart@allenstewart.com