1  Mark L. Eisenhut, Bar No. 185039
   meisenhut@calljensen.com
2  Matthew R. Orr, Bar No. 211097
   morr@calljensen.com
3  Samuel G. Brooks, Bar No. 272107
   sbrooks@calljensen.com
4  CALL & JENSEN
   A Professional Corporation
5  610 Newport Center Drive, Suite 700
   Newport Beach, CA  92660
6  Tel:    (949) 717-3000
   Fax:    (949) 717-3100
7
   Douglas B. Brown, Esq. *[Admitted Pro Hac Vice]*
8  dbrown@rumberger.com
   Daniel J. Gerber, Esq. *[Admitted Pro Hac Vice]*
9  dgerber@rumberger.com
   Samantha C. Duke, Esq. *[Admitted Pro Hac Vice]*
10 sduke@rumberger.com
   RUMBERGER, KIRK & CALDWELL, P.A.
11 Lincoln Plaza, Suite 1400
   300 South Orange Avenue
12 Orlando, FL  32802
   Tel.:  (407) 872-7300
13 Fax:  (407) 841-2133

14 Attorneys for Defendants Tempur-Sealy International, Inc.,
   formerly known as Tempur-Pedic International, Inc. and
15 Tempur-Pedic North America, LLC

16              **UNITED STATES DISTRICT COURT**

17             **NORTHERN DISTRICT OF CALIFORNIA**

18

| | |
|---|---|
| 19  ALVIN TODD and MELODY TODD, et al., individually and on behalf of all others similarly 20  situated, | Case No.    3:13-cv-04984-JST (MEJ) |
| 21              Plaintiffs, | **TEMPUR-SEALY INTERNATIONAL, INC. AND TEMPUR-PEDIC NORTH AMERICA, LLC'S STATE LAW VARIATIONS APPENDIX** |
| 22              vs. | |
| 23  TEMPUR-SEALY INTERNATIONAL, INC., formerly known as TEMPUR-PEDIC 24  INTERNATIONAL, INC. and TEMPUR-PEDIC NORTH AMERICA, LLC, | Date:    October 22, 2015 Time:    2:00 p.m. Crtrm:  9 |
| 25              Defendants. | |
| 26 | |
| 27 | Complaint Filed:    October 25, 2013 Trial Date:           None Set |
| 28 | |

## ALABAMA

| | |
|---|---|
| **ELEMENTS OF UNJUST ENRICHMENT CLAIM** | **1.  Defendant holds money which in equity and good conscience, belongs to plaintiff; or**<br>**2.  Defendant holds money which was improperly paid to defendant because of mistake or fraud.**<br><br>*Mitchell v. H&R Block*, 783 S. 2d 812, 817 (Ala. 2000).<br><br>**NOT in class actions.**<br><br>*White v. Microsoft Corp.*, 454 F.Supp.2d 1118, 1134 n. 25 (S.D. Ala. 2006) ("the Alabama Supreme court has spoken out emphatically against certification of a class in the unjust enrichment context."); *Avis Rent A Car Systems, Inc. v. Heilman*, 875 So. 2d 1111, 1122-23 (Ala. 2003) ("Because unjust enrichment claims are fact specific to each case, this Court has repeatedly held that such claims are unsuitable for class-action treatment.") |
| **ACTION IN LAW OR EQUITY?** | **Equitable remedy.**<br><br>*Scrushy v. Tucker*, 955 So. 2d 988, 1011 (Ala. 2006). |
| **LIMITATIONS PERIOD/ LACHES** | **6 years.**<br><br>*Davant v. United Land Corp.*, 896 So. 2d 475, 486-87 (Ala. 2004). |
| **INJURY/ IMPOVERISHMENT** | **No claim if plaintiff voluntarily paid benefit it seeks to recover.**<br><br>*Stone v. Mellon Mortg. Co.*, 771 So. 2d 451, 456 (Ala. 2000). |
| **MISCONDUCT REQUIREMENT** | **Retention of the benefit must be "unjust": (1) donor acted under mistake of fact or misreliance; (2) recipient of the benefit engaged in unconscionable conduct such as fraud, coercion, or abuse of a confidential relationship.**<br><br>*Mantiply v. Mantiply*, 951 So. 2d 638, 654-55 (Ala. 2006). |
| **KNOWLEDGE/ APPRECIATION** | **Undecided.** |
| **DOES EXPRESS AGREEMENT BAR RECOVERY?** | **Yes.**<br><br>*Kennedy v. Polar-BEK & Baker Wildwood Partnership*, 682 So. 2d 443, 447 (Ala. 1996); *White v. Microsoft Corp.*, 454 F. Supp. 2d 1118, 1133 (S.D. Ala. 2006). |

TEMPUR-SEALY INTERNATIONAL, INC. AND TEMPUR-PEDIC NORTH AMERICA, LLC'S STATE LAW VARIATIONS APPENDIX

| MEASURE OF DAMAGES | "The measure of damages under . . . unjust enrichment is based upon the benefit conferred upon the [recipient] and not the cost to render the service or cost of the goods."<br><br>*Chep USA v. Mock Pallet Co.*, 138 F. App'x 229, 235 (11th Cir. 2005) |
|---|---|

**ALASKA**

| ELEMENTS OF UNJUST ENRICHMENT CLAIM | 1.  A benefit conferred upon the defendant by the plaintiff;<br><br>2.  Appreciation by the defendant of such benefit; and<br><br>3.  Acceptance and retention by the defendant of such benefit under such circumstances that it would be inequitable for him to retain it without paying the value thereof.<br><br>*Alaska Sales and Service, Inc. v. Millet*, 735 P.2d 743, 746 (Alaska 1987) |
|---|---|
| ACTION IN LAW OR EQUITY? | Equity.<br><br>*State, Dept. of Revenue, Child Support Enforcement Div. v. Wethereit*, 931 P.2d 383, 390 n. 11 (Alaska 1997) |
| LIMITATIONS PERIOD/ LACHES | 3 years.<br><br>*Domke v. Alyeska Pipeline Service Co., Inc.*, 137 P.3d 295, 302 n.8 (Alaska 2006) |
| INJURY/ IMPOVERISHMENT | No claim where benefit was given gratuitously without expectation of payment.<br><br>*Sparks v. Gustafson*, 750 P.2d 338, 342 (Alaska 1988) |
| MISCONDUCT REQUIREMENT | Undecided. |
| KNOWLEDGE/ APPRECIATION | Yes.<br><br>*Alaska Sales and Service, Inc. v. Millet*, 735 P.2d 743, 746 (Alaska 1987) |
| DOES EXPRESS AGREEMENT BAR RECOVERY? | Undecided. |
| MEASURE OF DAMAGES | The amount of benefit which the defendant received which would be unjustly retained.<br><br>*Faibanks North Star Borough v. Tundra Tours*, 719 P.2d 1020, 1029 n.15 (Alaska 1986) |

**ARIZONA**

| | |
|---|---|
| **ELEMENTS OF UNJUST ENRICHMENT CLAIM** | **1.  An enrichment;**<br>**2.  An impoverishment;**<br>**3.  A connection between the enrichment and the impoverishment;**<br>**4.  Absence of justification of the enrichment and impoverishment; and**<br>**5.  An absence of a remedy provided by law.**<br><br>*Lemon v. Harlem Globetrotters Intern., Inc.*, 437 F. Supp. 2d 1089, 1107 (D. Ariz. 2006). |
| **ACTION IN LAW OR EQUITY?** | **"Flexible equitable standard."**<br><br>*Arnold & Assoc., Inc. v. Misys Healthcare Systems*, 275 F. Supp. 2d 1013, 1024 (D. Ariz. 2003). |
| **LIMITATIONS PERIOD/ LACHES** | **4 years.**<br><br>*Nitrini v. Feinbaum*, 501 P.2d 576, 581 (Ariz. App. 1972). |
| **INJURY/ IMPOVERISHMENT** | **Must show impoverishment or deprivation to recover.**<br><br>*Lemon v. Harlem Globetrotters Intern., Inc.*, 437 F. Supp. 2d 1089, 1107 (D. Ariz. 2006). |
| **MISCONDUCT REQUIREMENT** | **An "absence of justification must be shown."**<br><br>*Lemon v. Harlem Globetrotters Intern., Inc.*, 437 F. Supp. 2d 1089, 1107 (D. Ariz. 2006). |
| **KNOWLEDGE/ APPRECIATION** | **No knowledge requirement.** |
| **DOES EXPRESS AGREEMENT BAR RECOVERY?** | **Yes.**<br><br>*Sutter Home Winery, Inc. v. Vintage Selections, Ltd.*, 971 F.2d 401, 408-09 (9th Cir. 1992). |
| **MEASURE OF DAMAGES** | **The measure of recovery is the reasonable value of the service conferred upon the defendant.**<br><br>*Cen. Ariz. Water Conservation Dist. V. United States*, 32 F. Supp. 2d 1117, 1140 (D. Ariz. 1998). |

**ARKANSAS**

| | |
|---|---|
| **ELEMENTS OF UNJUST ENRICHMENT CLAIM** | **An action based on unjust enrichment is where a person has received money or its equivalent under such circumstances that, in equity and good conscience, he or she ought not to retain.**<br><br>*Hatchell v. Wren,* 363 Ark. 107, 117, 211 |
| **ACTION IN LAW OR EQUITY?** | **Unjust enrichment is an equitable doctrine.** |

- 4 -

CALL & JENSEN

| | |
|---|---|
| | *Pro-Comp. Mgt., Inc. v. R.K. Enterprises, LLC,* 366 Ark. 463, 469, 237 S.W.3d 20, 24 (Ark. 2006). |
| **LIMITATIONS PERIOD/ LACHES** | **6 years.**<br><br>*U.S.* v. *St. Joseph's Regional Health Center,* 240 F. Supp. 2d 882, 885 (W.D. Ark. 2002). |
| **INJURY/ IMPOVERISHMENT** | **One is not unjustly enriched by the receipt of that to which he is legally entitled.**<br><br>*Moore v. Wallace,* 90 Ark. App. 298, 302, 205 S.W.3d 824, 826 (Ark. App. 2005) |
| **MISCONDUCT REQUIREMENT** | **Not necessary to show any wrongdoing — even an innocent party may be a proper defendant.**<br><br>*Day v. Case Credit Corp.,* 427 F.3d 1148, 1154 (8 th Cir. 2005); *Hatchell v. Wren,* 211 S.W.3d 516, 522 (Ark. 2005) ("One who is free from fault cannot be held to be unjustly enriched merely because he or she has chosen to exercise a legal or contractual right.") |
| **KNOWLEDGE/ APPRECIATION** | **No knowledge requirement** |
| **DOES EXPRESS AGREEMENT BAR RECOVERY?** | **Yes.**<br><br>*U.S. v. Applied Pharmacy Consultants, Inc.,* 182 F.3d 603, 609 (8th Cir. 1999). |
| **MEASURE OF DAMAGES** | **The measure of damages for unjust enrichment is the amount of unfair gain received by those unjustly enriched.**<br><br>*Klein v. Arlfgma Production Co.,* 73 F.3d 779, 786 (8 Cir. 1996) |

## CALIFORNIA

| | |
|---|---|
| **ELEMENTS OF UNJUST ENRICHMENT CLAIM** | **It is unclear whether California has an unjust enrichment cause of action.**<br><br>*Astiana v. Hain Celestial Group, Inc.,* 783 F.3d 753 (9th Cir. 2015) (finding no stand alone cause of action for "unjust enrichment" in California).<br><br>Compare *Melchior v. New Line Prods., Inc.,* 106 Cal. App. 4th 779, 794 (2003) (no cause of action for unjust enrichment); *McKell v. Wash. Mut. Inc.,* 142 Cal. App. 4th 1457, 1490 (2006) (same), with *Lectrodryer v. SeoulBank,* 77 Cal. App. 4th 723, 726 (2000) (there is a cause of action for unjust enrichment); *First Nationwide Sav. v. Perry,* 11 |

CALL & JENSEN

| | |
|---|---|
| | Cal. App. 4th 1657, 1662-63 (1992) (same). |
| **ACTION IN LAW OR EQUITY?** | **N/A** |
| **LIMITATIONS PERIOD/ LACHES** | **N/A** |
| **INJURY/ IMPOVERISHMENT** | **N/A** |
| **MISCONDUCT REQUIREMENT** | **N/A** |
| **KNOWLEDGE/ APPRECIATION** | **N/A** |
| **DOES EXPRESS AGREEMENT BAR RECOVERY?** | **N/A** |
| **MEASURE OF DAMAGES** | **N/A** |

### COLORADO

| | |
|---|---|
| **ELEMENTS OF UNJUST ENRICHMENT CLAIM** | **1. A benefit was conferred on the defendant by the plaintiff'**<br><br>**2. The benefit was appreciated by the defendant; and**<br><br>**3. The benefit was accepted by the defendant under such circumstances that retaining the benefit without paying its value would be inequitable.**<br><br>*Brown Group Retail, Inc. v. State,* 155 P.3d 481, 484 (Colo. Ct. App. 2006). |
| **ACTION IN LAW OR EQUITY?** | **Equitable remedy.**<br><br>*Wilson v. Prentiss,* 140 P.3d 288, 293 (Colo. Ct. App. 2006). |
| **LIMITATIONS PERIOD/ LACHES** | **Doctrine of laches applies; no statute of limitations.**<br><br>*Cullen v. Philips,* 30 P.3d 828, 834 (Colo. Ct. App. 2001) ("We note in this regard that laches is not dependent upon the statute of limitations. Mere lapse of time and staleness are material issues, but not conclusive of a laches claim."). |
| **INJURY/ IMPOVERISHMENT** | **A plaintiff need not demonstrate justifiable reliance to succeed on a claim of unjust enrichment.**<br><br>*Luttgen v. Fischer,* 107 P.3d 1152, 1157 (Colo. Ct. App. 2005). |
| **MISCONDUCT REQUIREMENT** | **No misconduct requirement.** |
| **KNOWLEDGE/ APPRECIATION** | **The Word "benefit," for purposes of unjust enrichment, denotes any form of advantage conferred, appreciated, and accepted.**<br><br>*Bachrach v. Salzman,* 981 P.2d 219, 222 (Colo. Ct. App. 1999). |

| | |
|---|---|
| **DOES EXPRESS AGREEMENT BAR RECOVERY?** | **Not always. Even where an express contract exists, plaintiff may obtain judicial cancellation of the contract and sue for unjust enrichment where fraud was present from the inception of the contract.**<br><br>*Niles v. Builders Serv. & Supply, Inc.,* 667 P.2d 770, 772 (Colo. Ct. App. 1983). |
| **MEASURE OF DAMAGES** | **When a court appropriately applies the doctrine of unjust enrichment, the enriched party is generally liable for interest on the benefits received.**<br><br>*Martinez v. Continental Enters.,* 730 P.2d 308, 317 (Colo. 1986) |

## CONNECTICUT

| | |
|---|---|
| **ELEMENTS OF UNJUST ENRICHMENT CLAIM** | A plaintiff seeking recovery for unjust enrichment must prove:<br><br>1. That the defendants were benefited:<br>2. That the defendants unjustly did not pay the plaintiff for the benefits; and<br>3. That the failure of payment was to the plaintiff's detriment.<br><br>*Marlin Broadcasting, LLC v. law Office of Kent Avery, LLC,* 101 Conn.App. 638, 648- 49, 922 A.2d 1131, 1139 (Conn. Ct. App. 2007). |
| **ACTION IN LAW OR EQUITY?** | **Equitable remedy.**<br><br>*Schreiber v. Conn. Surgical Group., P.C.,* 96 Conn. App. 731, 740, 901 A.2d 1277, 1282-83 (Conn. Ct. App. 2006). |
| **LIMITATIONS PERIOD/ LACHES** | **6 years.**<br><br>*Towns of New Hartford v. Connecticut Resources Recovery Auth.,* 2007 WL 1977151, at *38 (Conn. Super. Ct. June 19, 2007). |
| **INJURY/ IMPOVERISHMENT** | **Failure of payment operated to the detriment of the plaintiff.**<br><br>*Rent-A-PC, Inc. v. Rental Mgmt, Inc.,* 96 Conn. App. 600, 605, 901 A.2d 720, 723 (Conn. App. Ct. 2006). |
| **MISCONDUCT REQUIREMENT** | **Defendant's conduct must be unjust but the claim does "not require any finding of** |

CALL &
JENSEN

| | |
|---|---|
| | intentional misconduct." |
| | *Towns of New Hartford v. Connecticut Resources Recovery Auth.,* 2007 WL 1977151 (Conn. Super. Ct. June 19, 2007). |
| **KNOWLEDGE/ APPRECIATION** | Some courts require knowledge by defendant. |
| | *Dowling v. First Federal Bank,* 1995 WL 405827, at *7 (Conn. Super. 1995). |
| **DOES EXPRESS AGREEMENT BAR RECOVERY?** | **No. However, lack of a remedy under the contract is a precondition for recovery based upon unjust enrichment.** |
| | *Gagne v. Vaccaro,* 255 Conn. 390, 401, 766 A.2d 416, 424 (Conn. 2001). |
| **MEASURE OF DAMAGES** | **Unjust enrichment damages are restitutionary and designed to restore to a party the money, services or goods of which he or she was deprived and that benefited another.** |
| | *United Coastal Indus., Inc. v. Clearheart Constr. Co.,* 71 Corm. App. 506 512, 802 A.2d 901, 906 (Conn. Ct. App. 2002) |

**DELAWARE**

| | |
|---|---|
| **ELEMENTS OF UNJUST ENRICHMENT CLAIM** | **1. Enrichment;** <br> **2. An impoverishment;** <br> **3. Relation between the enrichment and impoverishment;** <br> **4. Absence of justification; and** <br> **5. Absence of remedy provided by law.** |
| | *LaSalle Nat'l Bank v. Perelman,* 82 F. Supp. 2d 279, 294-95 (D. Del. 2000). |
| **ACTION IN LAW OR EQUITY?** | **Equitable remedy.** |
| | *MetCap Securities, LLC v. Pearl Senior Care, Inc.,* 2007 WL 1498989, at *5 (Del. Ch. 2007). |
| **LIMITATIONS PERIOD/ LACHES** | **3 years.** |
| | *Wal-Mart Stores, Inc. v. MG Life Ins. Co.,* 860 A.2d 312, 319 (Del. Sup. 2004). |
| **INJURY/ IMPOVERISHMENT** | **Plaintiff must have been impoverished.** |
| | *LaSalle Nat'l Bank v. Perelman,* 82 F. Supp. 2d 279, 294-95 (D. Del. 2000). |

CALL & JENSEN

| MISCONDUCT REQUIREMENT | Defendant can be liable even when "not a wrongdoer and even though he may have received it honestly in the first instance."<br><br>*Ryan v. Gifford*, 918 A.2d 341, 361 (Del. Ch. 2007). |
|---|---|
| KNOWLEDGE/ APPRECIATION | No knowledge requirement. |
| DOES EXPRESS AGREEMENT BAR RECOVERY? | Yes.<br><br>*LaSalle Nat'l Bank v. Perelman*, 82 F.Supp.2d 279, 294-95 (D. Del. 2000). |
| MEASURE OF DAMAGES | The measure of recovery is the reasonable value of the benefit unjustly retained by the defendant.<br><br>*Fleer Corp. v. Topps Chewing Gum, Inc.*, 539 A.2d 1060, 1062 (Del. 1988). |

## FLORIDA

| ELEMENTS OF UNJUST ENRICHMENT CLAIM | 1. Plaintiff conferred benefit on defendant, who had knowledge of benefit;<br>2. Defendant voluntarily accepted and retained benefit; and<br>3. Under circumstances, it would be inequitable for defendant to retain benefit without paying for it.<br><br>*Prohias v. Pfizer, Inc.* 490 F. Supp. 2d 1228, 1235-36 (S.D. Fla. 2007). |
|---|---|
| ACTION IN LAW OR EQUITY? | Unjust enrichment is equitable in nature and cannot exist where payment has been made for benefit conferred.<br><br>*Gene B. Blick Co., Inc. v. Sunshine Ready Concrete Co., Inc.* 651 So.2d 190, 1995 (Fla. Dist. Ct. App. 4 Dist. 1995). |
| LIMITATIONS PERIOD/ LACHES | 4 years.<br><br>*Swafford v. Schweitzer*, 906 So. 2d 1194, 1195 (Fla. Dist. Ct. App. 2005). |
| INJURY/ IMPOVERISHMENT | Adequate consideration by defendant for the benefit conferred will bar claim.<br><br>*American Safety Ins. Services, inc. v. Griggs*, 959 So. 2d 322, 331-32 (Fla. Dist., 2007) |

| MISCONDUCT REQUIREMENT | No misconduct requirement. |
|---|---|
| KNOWLEDGE/ APPRECIATION | **Must show defendant's knowledge and acceptance of the benefit.**<br><br>*N. G.L. Travel Associates v. Celebrity Cruises, Inc.,* 764 So. 2d 672, 675 (Fla. Dist. Ct. App. 2000). |
| DOES EXPRESS AGREEMENT BAR RECOVERY? | **Yes.**<br><br>*Williams v. Bear Stearns & Co.,* 725 So. 2d 397, 400 (Fla. App. 5 Dist. 1998). |
| MEASURE OF DAMAGES | **Unclear under Florida law.** |

## GEORGIA

| ELEMENTS OF UNJUST ENRICHMENT CLAIM | **1. No legal contract;**<br>**2. One party has conferred a benefit;**<br>**and**<br>**3. The benefiting party equitably ought to return the benefit or pay due compensation.**<br><br>*Zampatti v. Tradebank Ina,* 235 Ga. App. 333, 340, 508 S.E.2d 750, 757 (Ga. Ct. App. |
|---|---|
| ACTION IN LAW OR EQUITY? | **Both.**<br><br>*Hollifield v. Monte Vista Biblical Gardens, Inc.,* 251 Ga. App. 124, 130 553 S.E.2d 662, 669 (Ga. Ct. App. 2001). |
| LIMITATIONS PERIOD/ LACHES | **4 year.**<br><br>*Engram v. Engram,* 265 Ga. 804, 806, 463 S.E.2d 12, 15 Ga. 1995) |
| INJURY/ IMPOVERISHMENT | **No injury requirement.** |
| MISCONDUCT REQUIREMENT | **"Inherent in the theory of unjust enrichment is the requirement that the receiving party knew of the value being bestowed upon him by another and failed to stop the act or to reject the benefit prior to its being conferred."**<br><br>*Hollifield v. Monte Vista Biblical Gardens, Inc.,* 251 Ga. App. 124, 131 (Ga. Ct. App. 2001). |
| KNOWLEDGE/ APPRECIATION | **"Inherent in the theory of unjust enrichment is the requirement that the receiving party knew of the value being bestowed upon him by another and failed to** |

CALL&
JENSEN

| | |
|---|---|
| | stop the act or to reject the benefit prior to its being conferred." |
| | *Hollifield v. Monte Vista Biblical Gardens, Inc.,* 251 Ga. App. 124, 131 (Ga. Ct. App. 2001). |
| **DOES EXPRESS AGREEMENT BAR RECOVERY?** | **Yes.** |
| | *Williams v. Mohawk Industries, Inc.,* 465 F.3d 1277, 1294-95 (11th. Cir. 2006). |
| | **Under Georgia law, unjust enrichment is equitable concept and applies when as a matter of fact there is no legal contract.** |
| **MEASURE OF DAMAGES** | **Damages are measured in quantum meruit; the defendant is required to pay the reasonable value of the services conferred upon him by plaintiff.** |
| | *Yoh v. Daniel,* 230 Ga. App. 640, 643, 497 S.E.2d 392, 394-95 (Ga. Ct. App. 1998). |

| | | |
|---|---|---|
| | **HAWAII** | |
| **ELEMENTS OF UNJUST ENRICHMENT CLAIM** | **1. Plaintiff conferred a benefit upon the defendant; and** | |
| | **2. the retention of the benefit was unjust.** | |
| | *Television Events & Marketing, Inc. v. Amcon Distributing Co.,* 488 F. Supp. 2d 1071, 1078 (D. Haw. 2006) | |
| **ACTION IN LAW OR EQUITY?** | **Equitable remedy.** | |
| | *Small v. Badenhop,* 67 Haw. 626, 635-36, 701 P.2d 647, 654-55 (Haw. 1985). | |
| **LIMITATIONS PERIOD/ LACHES** | **6 years, although court is not bound by the statute of limitations.** | |
| | *Small v. Badenhop,* 701 P.2d 647, 657 (Haw. 1985). | |
| **INJURY/ IMPOVERISHMENT** | **No Requirement.** | |
| **MISCONDUCT REQUIREMENT** | **No Requirement.** | |
| **KNOWLEDGE/ APPRECIATION** | **No Requirement.** | |
| **DOES EXPRESS AGREEMENT BAR RECOVERY?** | **Yes.** | |
| | *In re TIC Financial Corp.,* 686 F.2d 799, 804 (9 cir. 1982). | |
| **MEASURE OF DAMAGES** | **Unclear whether issue has been addressed in Hawaii.** | |

TEMPUR-SEALY INTERNATIONAL, INC. AND TEMPUR-PEDIC NORTH AMERICA, LLC'S STATE LAW
VARIATIONS APPENDIX

CALL & JENSEN

**IDAHO**

| ELEMENTS OF UNJUST ENRICHMENT CLAIM | 1. There was a benefit conferred upon the defendant by the plaintiff;<br><br>2. Appreciation by the defendant of such benefit; and<br><br>3. Acceptance of the benefit under circumstances that would be inequitable for the defendant to retain the benefit without payment to the plaintiff for the value thereof.<br><br>*Vander ford Co., Inc. v. Knudson,* 144 Idaho 547, 558, 165 P.3d 261, 272 (Idaho 2007). |
|---|---|
| ACTION IN LAW OR EQUITY? | Equitable remedy.<br><br>*Mannos v. Moss,* 143 Idaho 927, 935, 155 P.3d 1166, 1173 (Idaho 2007). |
| LIMITATIONS PERIOD/ LACHES | 4 years.<br><br>*Templeton Patents, Limited v. J.R.. Simplot* co., *336* F.2d 261, 264 (Idaho 1964). |
| INJURY/ IMPOVERISHMENT | No requirements. |
| MISCONDUCT REQUIREMENT | For an injustice supporting a claim of unjust enrichment to be found under Oregon law, one of three things must be true: (1) plaintiff had a reasonable expectation of payment; (2) defendant should reasonably have expected to pay; or (3) society's reasonable expectations of security of person and property would be defeated by nonpayment.<br><br>*In re McBride,* 348 B.R. 539, 544 (Bankr. D. Idaho 2004). |
| KNOWLEDGE/ APPRECIATION | Claim requires appreciation by defendant of such benefit.<br><br>*Vanderford Co., Inc. v. Knudson,* 165 P.3d 261 (Idaho 2007). |
| DOES EXPRESS AGREEMENT BAR RECOVERY? | Yes.<br>*Mannos v. Moss,* 155 P.3d 1166, 1173 (Idaho 2007). |
| MEASURE OF DAMAGES | Measure of damages is not necessarily the value of money, labor and materials provided by plaintiff to defendant, but amount of benefit defendant received which would be unjust for defendant to retain.<br><br>*Toews v. Funk,* 129 Idaho 316, 322, 924 P.2d 217, |

CALL & JENSEN

| | |
|---|---|
| | 223 (Idaho Ct. App. 1994) |

## ILLINOIS

| | |
|---|---|
| **ELEMENTS OF UNJUST ENRICHMENT CLAIM** | **A defendant is unjustly enriched when he retains a benefit to plaintiff's detriment and defendant's retention of the benefit violates the fundamental principles of justice, equity and good conscience.**<br><br>*Lakeshore Decaro v. M. Felix, Inc.*, 371 Ill. App. 3d 1103, 1109 (Ill. App. Ct. 1st Dist. 2007). |
| **ACTION IN LAW OR EQUITY?** | **Action at law.**<br><br>*Sundance Homes, Inc. v. County of DuPage*, 195 Ill. 2d 257, 271 (Ill. 2001); *Partipilo v. Hallman*, 156 Ill. App. 3d 806, 809-10 (1987). |
| **LIMITATIONS PERIOD/ LACHES** | **5 years.**<br><br>*Fredrickson v. Blumenthal*, 271 Ill. App. 3d 738, 742 (Ill. App. Dist. 1995).<br><br>**Doctrine of laches does not apply because unjust enrichment is an action at law.**<br><br>*Partipilo v. Hallman*, 156 Ill. App. 3d 806, 809-10 (1987). |
| **INJURY/ IMPOVERISHMENT** | **Plaintiff must show retention of benefit caused detriment.**<br><br>*B&B Land Acquisition, Inc. v. Mandell*, 305 Ill. App. 3d 1068, 1073 (Ill. App. Ct. 1999). |
| **MISCONDUCT REQUIREMENT** | **Some type of wrongful conduct must be shown to support unjust enrichment claim under Illinois law.**<br><br>*In re Murray*, 276 B.R. 869, 878 (Bankr. N.D. Ill. 2002). |
| **KNOWLEDGE/ APPRECIATION** | **No requirement.** |
| **DOES EXPRESS AGREEMENT BAR RECOVERY?** | **Yes.**<br><br>*Bucciarelli-Tieger v. Victory Records, Inc.*, 488 F.Supp. 2d 702, 213 (N.D. Ill. 2007). |
| **MEASURE OF DAMAGES** | **"[M]easure of recovery is the reasonable value of work and material provided, whereas in an unjust enrichment action, the inquiry focuses on the benefit received and retained as a result of the improvement provided by the contractor."**<br><br>*Hayes Mechanical, Inc. v. First Indus. L.P.*, 351 Ill. App. 3d 1, 9 (Ill. App. Dist. 2004). |

TEMPUR-SEALY INTERNATIONAL, INC. AND TEMPUR-PEDIC NORTH AMERICA, LLC'S STATE LAW VARIATIONS APPENDIX

## INDIANA

| | |
|---|---|
| **ELEMENTS OF UNJUST ENRICHMENT CLAIM** | **A measurable benefit has been conferred on defendant under circumstances such that defendant's retention of the benefit without payment would be unjust.**<br><br>*Bayh v. Sonnenburg*, 573 N.E.2d 398, 408 (Ind. 1991) |
| **ACTION IN LAW OR EQUITY?** | **Equity**<br><br>*Savoree v. Indust. Contracting & Erecting, Inc.*, 789 N.E.2d 1013, 1019-20 (Ind. App. 2003). |
| **LIMITATIONS PERIOD/ LACHES** | **2 years.**<br><br>*Knutson v. UGS*, 2007 WL 2122192, at *4 (S.D. Ind. 2007). |
| **INJURY/ IMPOVERISHMENT** | **No requirement** |
| **MISCONDUCT REQUIREMENT** | **"The pivotal concept of unjust enrichment is the occurrence of a wrong or something unjust."**<br><br>*State Dept. of Natural Resources v. CCI, LLC*, 860 N.E.2d 651, 653 (Ind. Ct. App. 2007). |
| **KNOWLEDGE/ APPRECIATION** | **No requirement.** |
| **DOES EXPRESS AGREEMENT BAR RECOVERY?** | **No.**<br><br>*Kelly v. Levandoski*, 825 N.E.2d 850, 860 (Ind. Ct. App. 2005) |
| **MEASURE OF DAMAGES** | **The measure of recovery is the fair value of the work, services or goods conferred upon the defendant.**<br><br>*Wright v. Pennamped*, 657 N.E.2d 1223, 1229-30 (Ind. Ct. App. 1995). |

## IOWA

| | |
|---|---|
| **ELEMENTS OF UNJUST ENRICHMENT CLAIM** | **1.  Plaintiff must have conferred a benefit upon defendant to plaintiff's own detriment;**<br>**2.  Defendant had an appreciation of receiving the benefit;**<br>**3.  Defendant accepted and retained the benefit under circumstances making it inequitable for there to be no return payment for its value; and**<br>**4.  there is no at-law remedy that can appropriately address the claim.**<br><br>*Iowa Waste Systems, Inc. v. Buchanan County,* |

CALL & JENSEN

| | |
|---|---|
| | 617 N.W.2d 23, 30 (Iowa Ct. App. 2000) |
| **ACTION IN LAW OR EQUITY?** | **"Although unjust enrichment is referred to as a quasi-contract theory, it is equitable in nature, not contractual."**<br><br>*State ex rel. Palmer v. Unisys Corp.,* 637 N.W.2d 142, 154 (Iowa 2001). |
| **LIMITATIONS PERIOD/ LACHES** | **5 years.**<br><br>*Dolezal v. City of Cedar Rapids,* 326 N.W.2d 355, 360 (Iowa 1982). |
| **INJURY/ IMPOVERISHMENT** | **Crictical that plaintiff show some detriment.**<br><br>*State v. Unisys Corp.,* 637 N.W.2d 142, 155 (Iowa 2001) (Recovery based on unjust enrichment does not require that the benefits be conferred directly by the plaintiff' rather, benefits can be direct or indirect and can involve benefits conferred by third parties, and the critical inquiry is whether the benefit is received at the expense of the plaintiff.) |
| **MISCONDUCT REQUIREMENT** | **No requirement of "any underlying wrong."**<br><br>*Farmers Co-op Ass 'n v. Cooper,* 720 N.W.2d 192, 2006 WL 1231663, *3 (Iowa Ct. App. Apr. 26, 2006) |
| **KNOWLEDGE/ APPRECIATION** | **Defendant must appreciate benefit.**<br><br>*Iowa Waste systems, Inc. v. Buchanan County,* 617 N.W.2d 23, 30(Iowa. App. 2000). |
| **DOES EXPRESS AGREEMENT BAR RECOVERY?** | **Yes.**<br><br>*Brinkmann v. St. Paul Fire & Marine Ins. Co.,* 723 N.W.2d 449 (Iowa Ct. App. June 28, 2006). |
| **MEASURE OF DAMAGES** | **Measure of damages is the profits obtained by defendants as a result of the defendant's taking of benefit.**<br><br>*Pioneer Hi-Bred Intern, Inc. v. Holden foundation Seeds, Inc.,* 35 F.3d 1226, 1243- 45(S.D. Iowa 1991). |
| | |

**KANSAS**

| | |
|---|---|
| **ELEMENTS OF UNJUST ENRICHMENT CLAIM** | **1. Benefit conferred;** |

TEMPUR-SEALY INTERNATIONAL, INC. AND TEMPUR-PEDIC NORTH AMERICA, LLC'S STATE LAW VARIATIONS APPENDIX

| | |
|---|---|
| | **2.  An appreciation of knowledge of the benefit by the one receiving the benefit; and** |
| | **3.  The acceptance or retention of the benefit under such circumstances as to make it inequitable to retain the benefit without payment of its value.** |
| | *In re Estate of Sauder,* 283 Kan. 694, 719, 156 P.3d 1204, 1220 (Kan. 2007). |
| **ACTION IN LAW OR EQUITY?** | **Unjust enrichment/quantum meruit is equitable doctrine.** |
| | *Haz-Mat Response, Inc.v. Certified Waste Services Ltd.,* 259 Kan. 166, 176, 910 P.2d 839, 846 (Kan. 1996). |
| **LIMITATIONS PERIOD/ LACHES** | **3 years.** |
| | *Great Plains Trust Co. v. Jnion Paci is r. Co.,* 492 F.3d 986, 994 (8th   Cir. 2007) |
| **INJURY/ IMPOVERISHMENT** | **No requirement.** |
| **MISCONDUCT REQUIREMENT** | **No requirement.** |
| **KNOWLEDGE/ APPRECIATION** | **Appreciation of knowledge of defendant required.** |
| | *T.R. Inc. of Ashland v. Brandon,* 32 Kan. App. 2d 649, 655, 87 P.3d 331, 336 (Kan. Ct. App. 2004) |
| **DOES EXPRESS AGREEMENT BAR RECOVERY?** | **Yes.** |
| | *Paul Davis Restoration of Lawrence v. Raney Properties, L.P.,* 2007 WL 1309807, at *2 (Kan. Ct. App. 2007). |
| **MEASURE OF DAMAGES** | **The measure of damages is the fair value of the benefit conferred upon the defendant.** |
| | *Beck v. Northern Natural Gas Co.,* 170 F.3d 1018, 1024 (10th Cir. 1999). |
| | |
| **KENTUCKY** | |
| **ELEMENTS OF UNJUST ENRICHMENT CLAIM** | **1. Benefit conferred upon defendant at plaintiff's expense;** **2. Resulting appreciation of benefit by defendant; and** **3. inequitable retention of benefit without payment for its value.** |

TEMPUR-SEALY INTERNATIONAL, INC. AND TEMPUR-PEDIC NORTH AMERICA, LLC'S STATE LAW VARIATIONS APPENDIX

CALL &
JENSEN

| | |
|---|---|
| | *Marcus & Millichap Real Estate Inv. Brokerage Co. v. Skeeters,* 395 F. Supp. 2d 541, 557 (W.D. Ky. 2005). |
| **ACTION IN LAW OR EQUITY?** | **Equitable remedy.**<br><br>*Brock v. Pilot Corp.,* 234 S.W.3d 381, 384 (Ky. Ct. App. 2007). |
| **LIMITATIONS PERIOD/ LACHES** | **The issue has not been addressed.** |
| **INJURY/ IMPOVERISHMENT** | **On a claim of unjust enrichment, claimant must not only show that the other party has received benefit but that it has been at claimant's expense.**<br><br>*Bogan v. Finn,* 298 S.W.2d 311, 313-14 (Ky. 1957). |
| **MISCONDUCT REQUIREMENT** | **There must be some inequitable conduct or wrong, rising above a perceived violation of moral duty.**<br><br>*Kentucky Laborers Dist. Council Health & Welfare Trust Fund v. Hill & Knowlton, Inc.,* 24 F.Supp.2d 755, 775 (W.D.Ky. 1998); *Tractor & Farm Supply, Inc. v. Ford New Holland, Inc.,* 898 F. Supp 1198, 1206 (W.D.Ky. 1995). |
| **KNOWLEDGE/ APPRECIATION** | **Defendant must appreciate benefit.**<br><br>*Tractor and Farm Supply, Inc. v. Ford New Holland, Inc.,* 898 F. Supp. 1198, 1206 (W.D. Ky. 1995). |
| **DOES EXPRESS AGREEMENT BAR RECOVERY?** | **Yes.**<br><br>*Guarantee Elec. Co. v. Big River Elec. Corp.,* 669 F. Supp. 1371, 1380-81 (W.D. Ky 1987); *Codell Const. Co. v. Comm.,* 566 S.W.2d 161, 165 (Ky. Ct. App. 1977). |
| **MEASURE OF DAMAGES** | **The plaintiff is entitled to the full value of the benefit conferred on the defendant.**<br><br>*Cheatham v. Paisano Publ'ns, Inc.,* 891 F.Supp. 381, 387 n.7 (W.D. Ky. 1995); *Emerson v. Emerson,* 709 S.W.2d 853, 85556 (Ky. Ct. App. 1986) |

## LOUISIANA

| | |
|---|---|
| **ELEMENTS OF UNJUST ENRICHMENT CLAIM** | **1. an enrichment of the defendant;** |

|  |  |
|---|---|
|  | 2.  an impoverishment of the plaintiff; |
|  | 3.  Causation between the enrichment and the impoverishment; |
|  | 4.  an absence of justification or cause for either the enrichment or the impoverishment; and |
|  | 5.  no other remedy available at law. |
|  | *Moroux v. Toce,* 943 So.2d 1263, 1273 (La. Ct. app. 2005). |
| ACTION IN LAW OR EQUITY? | Equitable remedy.<br><br>*Jackson v. Capital City Family Health Center,* 928 So.2d 129, 132 (La. Ct. App. 2005). |
| LIMITATIONS PERIOD/ LACHES | 10 year prescriptive statue.<br><br>*Cavaness v. State Dept. of Transp. & Development,* 846 So.2d 866, 870 (La. Ct. App. 2003). |
| INJURY/ IMPOVERISHMENT | Must show impoverishment.<br><br>*Moroux v. Toce,* 943 So.2d 1263, 1273 (La. Ct. app. 2005). |
| MISCONDUCT REQUIREMENT | Plaintiff must show an absence of justification of either the enrichment or impoverishment.<br><br>*Bieber-Guillory v. Aswell,* 723 So.2d 1145, 1150 (La. Ct. App. 1998). |
| KNOWLEDGE/ APPRECIATION | No knowledge requirement. |
| DOES EXPRESS AGREEMENT BAR RECOVERY? | No, however, a plaintiff can recover in unjust enrichment only if there is no other practical remedy available by which the impoverishment might be or might have been avoided.<br><br>*Carter v. Flanagan,* 455 So.2d 689, 692 (La. Ct. App. 1984). |
| MEASURE OF DAMAGES | The measure of damages is value of the benefit conferred on the defendant.<br><br>*Gray v. McCormick,* 663 So.2d 480 , 489 (LA. Ct. App. 1995). |

|  |
|---|
| **MAINE** |

| | |
|---|---|
| ELEMENTS OF UNJUST ENRICHMENT CLAIM | Benefit conferred on defendant by plaintiff, appreciation or knowledge by defendant of the benefit, and acceptance or retention of benefit |

CALL&
JENSEN

|  | under circumstances that make it inequitable for defendant to do so without payment for the value of the benefit.<br><br>*Danforth v. Ruotolo*, 650 A.2d 1334 (Maine 1994) |
|---|---|
| **ACTION IN LAW OR EQUITY?** | **Equity.**<br><br>*Cummings v. Bean*, 853 A.2d 221, 224 (Maine 2004) |
| **LIMITATIONS PERIOD/ LACHES** | **6 years.**<br><br>*In re Estate of Miller*, 960 A.2d 1140, 1146 (Maine 2008) |
| **INJURY/ IMPOVERISHMENT** | **N/A** |
| **MISCONDUCT REQUIREMENT** | **N/A** |
| **KNOWLEDGE/ APPRECIATION** | **Yes.**<br><br>*Danforth v. Ruotolo*, 650 A.2d 1334 (Maine 1994) |
| **DOES EXPRESS AGREEMENT BAR RECOVERY?** | **Yes.**<br><br>*Nadeau v. Pitman*, 731 A.2d 863 (Maine 1999) |
| **MEASURE OF DAMAGES** | **Full amount of the benefits unjustly retained by defendant.**<br><br>*Aladdin Elec. Assoc. v. Town of Old Orchard Beach*, 645 A.2d 1142 (Maine 1994). |

## MARYLAND

| | |
|---|---|
| **ELEMENTS OF UNJUST ENRICHMENT CLAIM** | **1.  Benefit conferred upon the defendant by the plaintiff;**<br>**2.  An appreciation or knowledge by the defendant of the benefit; and**<br>**3.  The uncompensated acceptance or retention of the benefit is inequitable.**<br><br>*Berry & Gould v. Berry*, 360 Md. 142, 151 (Md. 2000); *Mona v. Mona Elec. Group, Inc.*, 176 Md. App. 672, 712-13 ( Md. Ct. Spec. App. 2007). |
| **ACTION IN LAW OR EQUITY?** | **Equity.**<br><br>*Mona v. Mona Elec. Group, Inc.*, 176 Md. App. 672, 712-13 ( Md. Ct. Spec. App. 2007). |
| **LIMITATIONS PERIOD/ LACHES** | **3 years.**<br><br>Md. Code § 5-101; *Ver Brycke v. Ver Vrycke*, 379 Md. 669, 688 (Md. 2004). |
| **INJURY/ IMPOVERISHMENT** | **Benefit was conferred from the plaintiff.**<br><br>*Berry & Gould v. Berry*, 360 Md. 142, 151 (Md. 2000) |
| **MISCONDUCT REQUIREMENT** | **Wrongful conduct not required.** |

CALL & JENSEN

|  | *Bank of Am. v. Gibbons*, 173 Md. App. 261, 279 (Md. Ct. Spec. App. 2001).<br><br>**But, some courts will find the unjust enrichment claim is not valid where the benefit has officiously been thrust upon the defendant.**<br><br>*Everhart v. Miles*, 47 Md. App. 131, 136 (Md. Ct. Spec. App. 1980). |
|---|---|
| **KNOWLEDGE/ APPRECIATION** | **Knowledge and/or appreciation required.**<br><br>*Mona v. Mona Elec. Group, Inc.*, 176 Md. App. 672, 712-13 ( Md. Ct. Spec. App. 2007). |
| **DOES EXPRESS AGREEMENT BAR RECOVERY?** | **Yes.**<br><br>*Mass Transit Admin v. Granite Constr. Co.*, 57 Md. App. 766, 775-76 (Md. Ct. Spec. App. 1984). |
| **MEASURE OF DAMAGES** | **The measure of the recovery is the gain to the defendant, not the loss by the plaintiff.**<br><br>*Mass Transit Admin v. Granite Constr. Co.*, 57 Md. App. 766, 775-76 (Md. Ct. Spec. App. 1984). |

### MASSACHUSETTS

| **ELEMENTS OF UNJUST ENRICHMENT CLAIM** | **1.  Benefit;**<br>**2.  Of which defendant was aware; and**<br>**3.  That was accepted in circumstances in which failure to pay would be inequitable.**<br><br>*APG, Inc. v. MCI Telecomm, Corp.*, 436 F.3d 294, 305 (1st Cir. 2006); *Brandt v. Ward Partners*, 242 F.3d 6, 16 (1st Cir. 2001). |
|---|---|
| **ACTION IN LAW OR EQUITY?** | **Equity.**<br><br>*Jelmoli Holding Inc. v. Raymond James Fin. Servs. Inc.*, 470 F.3d 14, 17 n.2 (1st Cir. 2006). |
| **LIMITATIONS PERIOD/ LACHES** | **6 years.**<br><br>Mass. Gen. Laws. Ann. Ch. 260 §2; *Spears v. Miller*, 2006 Mass. App. Div. 151, 151 (Mass. App. Div. 2006). |
| **INJURY/ IMPOVERISHMENT** | **The benefit incurred by defendant is at the plaintiff's expense.**<br><br>*Salamon v. Terra*, 394 Mass. 857, 859 (1985). |
| **MISCONDUCT REQUIREMENT** | **Unjust enrichment does not always require finding wrongdoing by the defendant.**<br><br>*Brandt v. Wand Partners*, 242 F.3d 6, 16 (Mass. 2001). |
| **KNOWLEDGE/ APPRECIATION** | **Defendant's knowledge of his receipt of the benefit is required.** |

| | |
|---|---|
| | *APG, Inc. v. MCI Telecomm, Corp.*, 436 F.3d 294, 305 (1st Cir. 2006) |
| **DOES EXPRESS AGREEMENT BAR RECOVERY?** | **Yes.**<br><br>*Platten v. HG Bermuda Exempted Ltd.*, 437 F.3d 118, 130 (1st Cir. 2006). |
| **MEASURE OF DAMAGES** | **The measure of recovery is the "amount derived from the wrongdoing."**<br><br>*Demoulas v. Demoulas Super Markets, Inc.*, 424 Mass. 501, 558 (1997). |

**MICHIGAN**

| | |
|---|---|
| **ELEMENTS OF UNJUST ENRICHMENT CLAIM** | **1. Receipt of benefit by defendant from plaintiff; and**<br>**2. Inequity resulting to plaintiff from retention of the benefit by defendant.**<br><br>*Morris Pumps v. Centerline Piping, Inc,* 273 Mich. App. 187, 195, 729 N.W.2d 898, 904 (Mich. Ct. App. 2006); *Belle Isle Grill Corp. v. City of Detriot,* 256 Mich. App. 463, 478, 666 N.W.2d 271, 280 (Mich. Ct. App. 2003) |
| **ACTION IN LAW OR EQUITY?** | **Equity.**<br><br>*Greenfield Commercial Credit, LLC v. Comerica Bank,* 2005 WL 1459625, at *5 (Mich. Ct. App. 2005). |
| **LIMITATIONS PERIOD/ LACHES** | **6 years.**<br><br>*Romeo Inv. Ltd. v. Michigan Consol. Gas. Co.,* 2007 WL 1264008, at *2 (Mich. Ct. App. May 1, 2007). |
| **INJURY/ IMPOVERISHMENT** | **Enrichment must be at another party's expense.**<br><br>*Greenfield Commercial Credit, LLC v. Comerica Bank,* 2005 WL 1459625, at *5 (Mich. Ct. App. 2005). |
| **MISCONDUCT REQUIREMENT** | **"One is not unjustly enriched by retaining benefits involuntarily."**<br><br>*Buell v. Orin State Bank,* 327 Mich. 43, 56, 41 N.W.2d 472, 478 (Mich. 1950). |
| **KNOWLEDGE/ APPRECIATION** | **Knowingly is not required.**<br><br>*Franklin Bank, N.A. v. Zero Plus Advantage,* 2001 |

| | |
|---|---|
| | WL 682228, *8 (Mich. Ct. App. Apr. 20, 2001) (nothing that a "showing of knowledge or bad faith is not an element of unjust enrichment"). |
| **DOES EXPRESS AGREEMENT BAR RECOVERY?** | **Yes.**<br><br>*Liggett Rest. Group Inc., v. City _of Pontiac,* 261 Mich. App. 127, 137, 676 N.W.2d 633, 639 (Mich. Ct. app. 2005). |
| **MEASURE OF DAMAGES** | **The correct measure of damages in an unjust enrichment claim is the benefit conferred on a party.**<br><br>*B&M Die co. v. Ford Motor Co.,* 167 Mich. App. 176, 182-83, 421 N.W.2d 620, 623 (Mich. Ct. App. 1988). |

**MINNESOTA**

| | |
|---|---|
| **ELEMENTS OF UNJUST ENRICHMENT CLAIM** | **1.  Another party knowingly received something of value to which he was not entitled; and**<br>**2.  The circumstances are such that it would be unjust for that person to retain the benefit.**<br><br>*Mon-Ray, Inc. v. Granite Inc.,* 677 N.W.2d 434, 440 (Minn. Ct. App. 2004). |
| **ACTION IN LAW OR EQUITY?** | **Equity.**<br><br>*Stein v. O'Brien,* 565 N.W.2d 472, 474 (Minn. Ct. App. 1997). |
| **LIMITATIONS PERIOD/ LACHES** | **6 years.**<br><br>Minn. Stat. Ann. § 541.05. |
| **INJURY/ IMPOVERISHMENT** | **The defendant's gain must be at the plaintiff's expense (injury to plaintiff).**<br><br>*Nicollet Restoration, Inc. v. Metro. Transit Commin,* 1995 WL 593025, at *2 (Minn. Ct. App. 1995). |
| **MISCONDUCT REQUIREMENT** | **A claimant must also show that "a party was unjustly enriched in the sense that the term 'unjustly' could mean illegally or unlawfully", or that a party's conduct was "unconscionable by reason of a bad motive."**<br><br>*Custom Design Studio v. Chloe, Inc.,* 584 N.W.2d 430, 433 (Minn. Ct. App. 1998). |

TEMPUR-SEALY INTERNATIONAL, INC. AND TEMPUR-PEDIC NORTH AMERICA, LLC'S STATE LAW
VARIATIONS APPENDIX

| KNOWLEDGE/ APPRECIATION | Knowledge required.<br><br>*Mon-Ray, Inc. v. Granite Inc.,* 677 N.W.2d 434, 440 (Minn. Ct. App. 2004). |
|---|---|
| DOES EXPRESS AGREEMENT BAR RECOVERY? | Yes.<br><br>*Stein v. O'Brien,* 565 N.W.2d 472, 474-75 (Minn. Ct. App. 1997). |
| MEASURE OF DAMAGES | **Damages are measured by the amount that the defendant ("person enriched, has received and "not what the opposing party has lost."**<br><br>*Georgopolis v. George,* 237 Min. 176, 185, 54 N.W.2d 137, 142 (Minn. 1952). |

## MISSISSIPPI

| ELEMENTS OF UNJUST ENRICHMENT CLAIM | **1. There is no legal contract; and**<br><br>**2. The person sought to be charged is in possession of money or property that in good conscience and justice he should not retain, but should deliver to another.**<br><br>*Franklin v. Franklin,* 858 So. 2d 110, 121 (Miss. 2003) |
|---|---|
| ACTION IN LAW OR EQUITY? | **Equity.**<br><br>*Union Nat'l Life Ins. Co. v. Crosby,* 870 So. 2d 1175, 1180 (Miss. 2004). |
| LIMITATIONS PERIOD/ LACHES | **3 years.**<br><br>Miss. Code Ann. § 15-1-49; *Johnson v. Kansas Southern,* 208 F.App'x 292, 296 (5th Cir. 2006). |
| INJURY/ IMPOVERISHMENT | **Must be at the expense of the plaintiff.**<br><br>*Fourth Davis Island Land Co. v. Parker,* 469 So. 2d 516, 524 (Miss. 1985). |
| MISCONDUCT REQUIREMENT | Undecided. |
| KNOWLEDGE/ APPRECIATION | **Defendant must appreciate the fact that he received the benefit.**<br><br>*Franklin v. Franklin,* 858 So. 2d 110, 121 (Miss. 2003). |
| DOES EXPRESS AGREEMENT BAR RECOVERY? | **Yes.** |

| | |
|---|---|
| | *Johnston v. Palmer,* 963 So. 2d 586, 596 (Miss Ct. App. 2007); *Franklin v. Franklin,* 858 So. 2d 110, 121 (Miss. 2003). |
| **MEASURE OF DAMAGES** | **"The measure of recovery is a distinction between quantum meruit and unjust enrichment. Recovery in quantum meruit is measured by the reasonable value of materials or services rendered, whereas recovery in unjust enrichment is that to which the claimant is equitably entitled."** <br><br> *Estate of Johnson v. Adkins,* 513 So. 2d 922, 926 (Miss. 1987). |

**MISSOURI**

| | |
|---|---|
| **ELEMENTS OF UNJUST ENRICHMENT CLAIM** | **1. A benefit conferred by one party on another;** <br> **2. Appreciation by the receiving party of the fact that what was conferred was a benefit; and** <br> **3. Acceptance and retention of the fact that would render that retention inequitable.** <br><br> *Cridlebaugh v. Putnam County State Ban of Milan,* 192 S.W.3d 540, 543 (Mo. Ct. App. 2006). |
| **ACTION IN LAW OR EQUITY?** | **Equity.** <br><br> *Petrie v. LeVan*, 799 S.W.2d 632, 635 (Mo. Ct. App. 1990). |
| **LIMITATIONS PERIOD/ LACHES** | **5 years.** <br><br> Mo. Ann. Stat. § 516.120. |
| **INJURY/ IMPOVERISHMENT** | **The benefit conferred upon the defendant was originally a benefit of the plaintiff.** <br><br> *Cridlebaugh v. Putnam County State Ban of Milan,* 192 S.W.3d 540, 543 (Mo. Ct. App. 2006); *Childress Painting and Assocs., Inc. v. John Q. Hammons Hotels Two, L.P.*, 106 S.W.3d 558, 562 (Mo. Ct. App. 2006). |
| **MISCONDUCT REQUIREMENT** | **"Mere receipt of benefits is not enough to prevail in a claim of unjust enrichment when there is no showing that it would be unjust for a party to retain the benefit received."** <br><br> *Am. Standard Inc., Co. v. Wis. Bracht,* 103 S.W.3d 281, 292 (Mo. Ct. App. 2006). |
| **KNOWLEDGE/ APPRECIATION** | **Plaintiff must show that the defendant appreciated the fact that the defendant received a benefit.** <br><br> *Cridlebaugh v. Putnam County State Ban of* |

| | |
|---|---|
| | *Milan*, 192 S.W.3d 540, 543 (Mo. Ct. App. 2006) |
| | **However a person that voluntarily pays money with full knowledge of the facts will not be able to recover.** |
| | *Hertz Corp. v. Raks Hospitality Inc.*, 196 S.W.3d 536 (Mo. Ct. App. 2006). |
| **DOES EXPRESS AGREEMENT BAR RECOVERY?** | **Yes.** |
| | *Cridlebaugh v. Putnam County State Ban of Milan*, 192 S.W.3d 540, 543 (Mo. Ct. App. 2006) |
| **MEASURE OF DAMAGES** | **The measure of recovery is based on what the plaintiff has paid.** |
| | *Int'l Paper Co. v. Futhey*, 788 S.W.2d 303, 305-06 (Mo. Ct. App. 1990) |

|  |
|---|
| **MONTANA** |

| | |
|---|---|
| **ELEMENTS OF UNJUST ENRICHMENT CLAIM** | **1.  a benefit conferred on one person by another;**<br>**2.  an appreciation or knowledge by the conferee of the benefit;**<br>**3.  the acceptance or retention by the conferee of the benefit under such circumstances as to make it inequitable for the conferee to retain the benefit without payment of its value.** |
| | *Northern Cheyenne Tribe v. Roman Catholic Church ex rel. Dioceses of Great Falls/ Billings*, 296 P.3d 450, 457 (Mont. 2013) |
| **ACTION IN LAW OR EQUITY?** | **Equity.** |
| | *Northern Cheyenne Tribe v. Roman Catholic Church ex rel. Dioceses of Great Falls/ Billings*, 296 P.3d 450, 457 (Mont. 2013) |
| **LIMITATIONS PERIOD/ LACHES** | **3 years.** |
| | *Northern Cheyenne Tribe v. Roman Catholic Church ex rel. Dioceses of Great Falls/ Billings*, 296 P.3d 450, 457 (Mont. 2013) |
| **INJURY/ IMPOVERISHMENT** | **N/A** |
| **MISCONDUCT REQUIREMENT** | **Need to show some element of misconduct or bad act** |
| | *Northern Cheyenne Tribe v. Roman Catholic Church ex rel. Dioceses of Great Falls/ Billings*, 296 P.3d 450, 455 (Mont. 2013) |
| **KNOWLEDGE/ APPRECIATION** | **Yes.** |
| **DOES EXPRESS AGREEMENT BAR RECOVERY?** | **N/A** |
| **MEASURE OF DAMAGES** | **Restitution.** |

TEMPUR-SEALY INTERNATIONAL, INC. AND TEMPUR-PEDIC NORTH AMERICA, LLC'S STATE LAW
VARIATIONS APPENDIX

| | |
|---|---|
| | *Robertus v. Candee*, 670 P.2d 540, 542 (Mont. 1983). |

## NEBRASKA

| | |
|---|---|
| **ELEMENTS OF UNJUST ENRICHMENT CLAIM** | **1. The defendant received money;** <br><br> **2. the defendant retained the possession of the money; and** <br><br> **3. the defendant in justice and fairness ought to pay the money to the plaintiff.** <br><br> *Kanne v. Visa U.S.A., Inc.,* 272 Neb. 489, 500, 723 N.W.2d 293, 302 (Neb. 2006). |
| **ACTION IN LAW OR EQUITY?** | **Equity.** <br><br> *Scheckpeper v. Koerfe,* 222 Neb. 800, 803, 388 N.W.2d 51. 53 (Neb. 1986) |
| **LIMITATIONS PERIOD/ LACHES** | **4 years.** <br><br> Neb. Rev. Stat. § 25-206. |
| **INJURY/ IMPOVERISHMENT** | **Undecided.** |
| **MISCONDUCT REQUIREMENT** | **"[T]he element of fraud or tortuous conduct on the part of a defendant is not necessary in an action for unjust enrichment."** <br><br> *Kisicki v. Mid-Am Fin. Inv. Corp.,* 2002 WL 31654490, *6 (Neb. Ct. App. 2002). |
| **KNOWLEDGE/ APPRECIATION** | **The "most significant element of the doctrine of unjust enrichment is whether the enrichment of the defendant is unjust. Although unjust enrichment may arise from fraud or several other predicates, the element of fraud or tortuous conduct on the part of a defendant is not necessary in an action of unjust enrichment."** <br><br> *Kisicki v. Mid-Am Fin. Inv. Corp.,* 2002 WL 31654490, *6 (Neb. Ct. App. 2002). |
| **DOES EXPRESS AGREEMENT BAR RECOVERY?** | **Yes.** <br><br> *Kisicki v. Mid-Am Fin. Inv. Corp.,* 2002 WL 31654490, *6 (Neb. Ct. App. 2002); *Washa v. Miller,* 249 Neb. 941, 546 N.W.2d 813, 819 (1996) (nothing that "the doctrine does not operate to rescue a party from the consequences of a bad bargain"). |
| **MEASURE OF DAMAGES** | **Reasonable value of the benefits retained.** |

TEMPUR-SEALY INTERNATIONAL, INC. AND TEMPUR-PEDIC NORTH AMERICA, LLC'S STATE LAW
VARIATIONS APPENDIX

| | |
|---|---|
| | *In re Estate of Kreuger,* 235 Neb. 518, 523, 455 N.W.2d 809, 81¯3 (Neb. 1990). |

**NEVADA**

| | |
|---|---|
| **ELEMENTS OF UNJUST ENRICHMENT CLAIM** | **1.  The unjust retention of a benefit to the loss of another; or**<br><br>**2.  the retention of money or property of another against the fundamental principles of justice or equity and good conscience.**<br><br>*Nev. Indus. Dev. v. Benedetti,* 103 Nev. 360, 363, 741 P.2d 802, 804 n.2 (Nev. 1987). |
| **ACTION IN LAW OR EQUITY?** | **Equity.**<br><br>*MacDonald v. Krause,* 77 Nev. 312, 318, 362 P.2d 724, 727 (Nev. 1961). |
| **LIMITATIONS PERIOD/ LACHES** | **Not clear.** |
| **INJURY/ IMPOVERISHMENT** | **No requirements that the plaintiff is injured; instead a plaintiff must only show that the defendant has been enriched.**<br><br>*Topaz Mut. Co., Inc. v. Marsh,* 108 Nev. 845, 856, 839 P.2d 606, 613 (Nev. 1992). |
| **MISCONDUCT REQUIREMENT** | **Not required.**<br><br>*Topaz Mut. Co., Inc. v. Marsh,* 108 Nev. 845, 856, 839 P.2d 606, 613 (Nev. 1992). |
| **KNOWLEDGE/ APPRECIATION** | **This court has observed that the essential elements of unjust enrichment ''are a benefit conferred on the defendant by the plaintiff, appreciation by the defendant of such benefit, and acceptance and retention by the defendant of such benefit.''**<br><br>*Topaz Mut. Co., Inc. v. Marsh,* 839 P.2d 606, 613 (Nev. 1992). |
| **DOES EXPRESS AGREEMENT BAR RECOVERY?** | **Yes.**<br><br>*Ewing v. Sargent,* 87 Nev. 74, 80, 482 P.2d 819, 823 (Nev. 1971), |
| **MEASURE OF DAMAGES** | **The proper measure of damages under a quantum meruit theory of recovery is the reasonable value of the services.** |

| | |
|---|---|
| | *Morrow v. Barger,* 103 Nev. 247, 252, 737 P.2d 1153, 1156 (Nev. 1987). |

**NEW HAMPSHIRE**

| | |
|---|---|
| **ELEMENTS OF UNJUST ENRICHMENT CLAIM** | **1.  The defendant has received a benefit; and** **2.  it would be unconscionable for the defendant to retain that benefit.** *Nat'l Employment Serv. Corp. v. Olsten Staffing Serv., Inc.,* 145 N.H. 158, 163, 761 A.2d 401, 406 (N.H. 2000). |
| **ACTION IN LAW OR EQUITY?** | **Equity.** *Nat'l Employment Serv. Corp. v. Olsten Staffing Serv., Inc.,* 761 A.2d 401, 406 (N.H.   2000). |
| **LIMITATIONS PERIOD/ LACHES** | **3 years.** N.H. Rev. Stat. Ann. § 508:4; *A&B Lumber Co., LLC v. Vrusho,* 151 N.H. 754, 756-57, 871 A.2d 64, 66-7 (N.H. 2005) |
| **INJURY/ IMPOVERISHMENT** | **Injury to plaintiff is not required.** Nat'l Employment Serv. Corp. v. Olsten Staffing Serv., Inc., 761 A.2d 401, 406 (N.H.   2000). |
| **MISCONDUCT REQUIREMENT** | **To entitle one to restitution, "it must be shown that there was unjust enrichment either through wrongful acts or passive acceptance of benefit that would be unconscionable to retain."** *Kowalski v. Cedars of Portsmouth Condo. Ass 'n,* 146 N.H. 130,133, 769 A.2d 344, 347 (N.H., 2001) (citing *Cohen v. Frank Developers, Inc.,* 118 N.H. 512, 518, 389 A.2d 933 (1978)). |
| **KNOWLEDGE/ APPRECIATION** | **The defendant may even "passively accept" the benefit.** *Petrie-Clemons v. Butterfield,* 122 N.H. 120, 127, 441 A.2d 1167, 1172 (N.H. 1982). |
| **DOES EXPRESS AGREEMENT BAR RECOVERY?** | **Yes.** *Streeter v. Sumner,* 19 N.H. 516, 518-19 (N.H. 1849) |
| **MEASURE OF DAMAGES** | **When  a  court  assesses  damages  in  unjust** |

| | |
|---|---|
| | enrichment, the focus is not on the cost to the plaintiff, but rather on the value of what was actually received by the defendant. |
| | *Iacomini v. Liberty Mut. Ins. Co.*, 127 N.H. 73, 78, 497 A.2d 854 858 (N.H. 1985). |

**NEW JERSEY**

| | |
|---|---|
| **ELEMENTS OF UNJUST ENRICHMENT CLAIM** | 1.  Defendant received a benefit; and<br>2.  Retention of that benefit without payment would be unjust.<br><br>*VRG Corp. v. GKN Realty Corp.*, 135 N.J. 539, 554 (N.J. 1994). |
| **ACTION IN LAW OR EQUITY?** | Equity.<br><br>*Slocum v. Borough of Belmar*, 233 N.J. Super. 437, 440 (N.J. Super. Ct. App. Div. 1989). |
| **LIMITATIONS PERIOD/ LACHES** | 6 years.<br><br>N.J. Stat. Ann. § 2A:14-1. |
| **INJURY/ IMPOVERISHMENT** | The plaintiff must "show that it expected remuneration from the defendant at the time it performed or conferred a benefit on defendant and that the failure of remuneration enriched the defendant beyond its contractual rights."<br><br>*VRG Corp. v. GKN Realty Corp.*, 135 N.J. 539, 554 (N.J. 1994). |
| **MISCONDUCT REQUIREMENT** | Misconduct not required (can be passive).<br><br>*VRG Corp. v. GKN Realty Corp.*, 135 N.J. 539, 554 (N.J. 1994). |
| **KNOWLEDGE/ APPRECIATION** | Undecided. |
| **DOES EXPRESS AGREEMENT BAR RECOVERY?** | Yes.<br><br>*Winslow v. Corporate Express, Inc.*, 364 N.J. Super. 128, 143 (N.J. Super. Ct. App. Div. 2003). |
| **MEASURE OF DAMAGES** | The measure of damages are what the goods, services, or other benefits conferred on defendant are reasonably worth.<br><br>*Shapiro v. Soloman*, 42 N.J. Super. 377, 384-85 (N.J. Super. Ct. App. Div. 1956).<br><br>Restitution for unjust enrichment is an equitable remedy, available only when there is no adequate remedy at law.<br><br>*Nat'l Amusements, Inc. v. N.J. Tpk. Auth.*, 261 N.J. Super. 468, 478 (1992). |

TEMPUR-SEALY INTERNATIONAL, INC. AND TEMPUR-PEDIC NORTH AMERICA, LLC'S STATE LAW VARIATIONS APPENDIX

## NEW MEXICO

| | |
|---|---|
| **ELEMENTS OF UNJUST ENRICHMENT CLAIM** | To prevail on a claim for unjust enrichment, "one must show that: (1) another has been knowingly benefited at one's expense; (2) in a manner such that allowance of the other to retain the benefit would be unjust."<br><br>*Credit Ins. v. Veterinary Nutrition Corp.*, 133 N.M. 248, 253 (N.M. Ct. App. 2002). |
| **ACTION IN LAW OR EQUITY?** | Equity.<br><br>*Romero v. Bank of the Southwest*, 135 N.M. 1, 9 (N.M. Ct. App. 2003). |
| **LIMITATIONS PERIOD/ LACHES** | 4 years.<br><br>N.M. Stat. Ann. § 37-1-4. |
| **INJURY/ IMPOVERISHMENT** | The benefit must be found to be at another party's expense.<br><br>*Romero v. Bank of the Southwest*, 135 N.M. 1, 9 (N.M. Ct. App. 2003). |
| **MISCONDUCT REQUIREMENT** | Undecided |
| **KNOWLEDGE/ APPRECIATION** | "Unjust enrichment exists when one party knowingly benefits at another's expense and allowing that party to retain the benefit would be unjust."<br><br>*Romero v. Bank of the Southwest*, 135 N.M. 1, 9 (N.M. Ct. App. 2003). |
| **DOES EXPRESS AGREEMENT BAR RECOVERY?** | Yes.<br><br>*Ontiveros Insulation Co., Inc. v. Sanchez,* 129 N.M. 200 (N.M. 2000) |
| **MEASURE OF DAMAGES** | The amount of money paid by the plaintiff.<br><br>*Romero v. Bank of the Southwest*, 135 N.M. 1, 9 (N.M. Ct. App. 2003). |

## NEW YORK

| | |
|---|---|
| **ELEMENTS OF UNJUST ENRICHMENT CLAIM** | 1.  Performance of services in good faith;<br>2.  The acceptance of the services by the person to whom they are rendered;<br>3.  An expectation of compensation therefore; and<br>4.  Plaintiff must establish the reasonable value of the services.<br><br>*Iwon, Inc. v. Ourhouse, Inc.*, 744 N.Y.S.2d 791, 794 (N.Y. Sup. Ct. 2001). |
| **ACTION IN LAW OR EQUITY?** | Equity.<br><br>*Haberman v. Singer*, 3 A.D.3d 188, 191-92 (N.Y. |

TEMPUR-SEALY INTERNATIONAL, INC. AND TEMPUR-PEDIC NORTH AMERICA, LLC'S STATE LAW VARIATIONS APPENDIX

| | |
|---|---|
| | App. Div. 2004). |
| **LIMITATIONS PERIOD/ LACHES** | **6 years.**<br><br>N.Y. Consol. Laws § 213. |
| **INJURY/ IMPOVERISHMENT** | **Courts look to see if a benefit has been conferred on the defendant under mistake of fact or law, if the benefit still remains with the defendant, if there has been otherwise a change of position by defendant and whether the defendant's conduct was tortious or fraudulent.**<br><br>*Paramount Film Dist., Corp. v. State.*, 30 N.Y.2d 415, 421 (N.Y. 1972). |
| **MISCONDUCT REQUIREMENT** | **Undecided.** |
| **KNOWLEDGE/ APPRECIATION** | **Not required.**<br><br>*Paramount Film Dist., Corp. v. State.*, 30 N.Y.2d 415, 421 (N.Y. 1972). |
| **DOES EXPRESS AGREEMENT BAR RECOVERY?** | **Yes.**<br><br>*Vitale v. Steinberg*, 307 A.D.2d 107, 111 (N.Y. App. Div. 2003). |
| **MEASURE OF DAMAGES** | **The measure of recovery is the reasonable value of the services rendered.**<br><br>*Iwon, Inc. v. Ourhouse, Inc.*, 744 N.Y.S.2d 791, 794 (N.Y. Sup. Ct. 2001); *Mauro v. Orville*, 660 N.Y.S.2d 662 (N.Y. Supt. Ct. 1997). |

<strong>NORTH CAROLINA</strong>

| | |
|---|---|
| **ELEMENTS OF UNJUST ENRICHMENT CLAIM** | **1.  Party must have conferred a benefit on the other party;**<br>**2.  the benefit must not have been conferred officiously; and**<br>**3.  the benefit must not be gratuitous and it must be measurable.**<br><br>*Progressive Am. Ins. Co. v. State Farm Mut. Auto Ins. Co.,* 184 N.C. App. 688, 695-96, 647 S.E.2d 111, 116 (N.C. Ct. App. 2007) |
| **ACTION IN LAW OR EQUITY?** | **Equity.**<br><br>*McCoy v. Peach,* 40 N.C. App. 6, 8, 251 S.E.2d 881, 883 (N.C. Ct. App. 1979). |
| **LIMITATIONS PERIOD/ LACHES** | **3 years.**<br><br>*Joyce v. Joyce,* 2004 WL 2792582, at *4 (N.C. Ct. App. 2004). |

| INJURY/ IMPOVERISHMENT | No injury requirement. It is only required that plaintiff show that defendant was enriched.<br><br>*Progressive Am. Ins. Co. v. State Farm Mut. Auto Ins. Co.,* 647 S.E.2d 111, 116 (N.C. Ct. App. 2007). |
|---|---|
| MISCONDUCT REQUIREMENT | "One is not unjustly enriched where the benefit has been conferred by a 'volunteer' or an intermeddler and where the benefit is not easily returnable and the recipient has not been afforded the opportunity of rejection."<br><br>*McCoy v. Peach,* 251 S.E.2d 881, 883 (N.C. Ct. App. 1979). |
| KNOWLEDGE/ APPRECIATION | The defendant must have "consciously accepted the benefit."<br><br>*Progressive Am. Ins. Co. v. State Farm Mut. Auto Ins. Co.,* 647 S.E.2d 111, 116 (N.C. Ct. App. 2007). |
| DOES EXPRESS AGREEMENT BAR RECOVERY? | Yes.<br><br>*Pritchett & Burch, PLLC v. Boyd,* 609 S.E.2d 439, 443 (N.C. Ct. App. 2005). |
| MEASURE OF DAMAGES | *Quantum meruit is* a measure of recovery for the reasonable value of services rendered in order to prevent unjust enrichment.<br><br>*Pritchett & Burch, PLLC v. Boyd,* 169 N.C. App. 118, 124, 609 S.E.2d 439, 443 (N.C. Ct. App. 2005). |

### NORTH DAKOTA

| ELEMENTS OF UNJUST ENRICHMENT CLAIM | 1. An enrichment;<br>2. an impoverishment;<br>3. a connection between the enrichment and impoverishment;<br>4. absence of a justification for the enrichment and impoverishment; and<br>5. an absence of a remedy provided by law.<br><br>*A&A Metal Buildings v. I-S, Inc.*, 274 N.W.2d 183, 189 (N.D. 1978) |
|---|---|
| ACTION IN LAW OR EQUITY? | Equity.<br><br>*Kost v. Kraft*, 845 N.W.2d 889, 891 (N.D. 2014) |
| LIMITATIONS PERIOD/ LACHES | N/A |
| INJURY/ IMPOVERISHMENT | Yes. |

CALL & JENSEN

| | |
|---|---|
| | *A&A Metal Buildings v. I-S, Inc.*, 274 N.W.2d 183, 189 (N.D. 1978) |
| **MISCONDUCT REQUIREMENT** | **Requires misconduct or fault.**<br><br>*Jerry Harmon Motors, Inc. v. Heth*, 316 N.W.2d 324, 328 (N.D. 1982). |
| **KNOWLEDGE/ APPRECIATION** | **N/A** |
| **DOES EXPRESS AGREEMENT BAR RECOVERY?** | **Yes.**<br><br>*Anheluk v. Ohlsen*, 459 F.3d 874, 880 (8th Cir. 2006) |
| **MEASURE OF DAMAGES** | **Restitution**<br><br>*Jerry Harmon Motors, Inc. v. Heth*, 316 N.W.2d 324, 328 (N.D. 1982). |

**OHIO**

| | |
|---|---|
| **ELEMENTS OF UNJUST ENRICHMENT CLAIM** | **1. A benefit conferred by a plaintiff upon a defendant;**<br><br>**2. knowledge by the defendant of the benefit; and**<br><br>**3. retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment.**<br><br>*Hambleton v. R.G. Barry Corp.,* 12 Ohio St. 3d 179, 183, 465 N.E.2d 1298, 1302 (Ohio 1984); *Maverick Oil & Gas, Inc. v. Barberton City Sch. Dist. Bd of Educ.,* 171 Ohio App. 3d 605, 615, 2007 Ohio 1682, at *P24, 872 N.E.2d 322, 330 (Ohio Ct. App. 9 Dist. 2007). |
| **ACTION IN LAW OR EQUITY?** | **Equity.**<br><br>*Chesnut v. Progressive Cas. Inc. Co.,* 166 Ohio App. 3d 299, 308-09, 2006 Ohio 2080, at P29-30, 850 N.E.2d 751, 758-59 (Ohio Ct. App. 8 Dist. 2006). |
| **LIMITATIONS PERIOD/ LACHES** | **6 years.**<br><br>Ohio Rev. Code Aim. § 2305.07; *Drozeck v. Lawyers Title Ins. Corp.,* 140 Ohio App. 3d 816, 823, 749 N.E.2d 775, 780 (Ohio Ct. App. 2000); *Hambleton v. R.G. Barry Corp.,* 465 N.E.2d 1298, 1301-02 (Ohio 1984).<br><br>**"A claim for unjust enrichment accrues on the date which the money is wrongly retained."**<br><br>**"Statute of limitations for an unjust** |

CALL &
JENSEN

TEMPUR-SEALY INTERNATIONAL, INC. AND TEMPUR-PEDIC NORTH AMERICA, LLC'S STATE LAW
VARIATIONS APPENDIX

| | |
|---|---|
| | enrichment claims is not subject to equitable tolling or a discovery rule."<br><br>*Palm Beach Co. v. Dun & Bradstreet, Inc.,* 106 Ohio App. 3d 167, 175, 665 N.E.2d 718, 723 (Ohio Ct. App. 1995). |
| **INJURY/ IMPOVERISHMENT** | Injury to plaintiff not necessary: "the purpose of such claims is not to compensate the plaintiff for any loss or damage suffered by him but to compensate him for the benefit he has conferred on the defendant."<br><br>*Johnson v. Microsoft Corp.,* 106 Ohio St. 3d 278, 286, 2005 Ohio 4985, at *P23, 834 N.E.2d 791, 799 (Ohio 2005). |
| **MISCONDUCT REQUIREMENT** | Enrichment alone will not suffice to invoke the remedial powers of a court of equity plaintiff seeking the equitable remedies available under a claim of unjust enrichment must show a superior equity so that it would be unconscionable for the defendant to retain the benefit.<br><br>*Chesnut v. Progressive Cas. Inc. Co.,* 850 N.E.2d 751, 758-59 (Ohio Ct. App. 8 Dist. 2006). |
| **KNOWLEDGE/ APPRECIATION** | Must show that the other party knew of the benefit.<br><br>*Maverick Oil & Gas, Inc. v. Barberton City Sch. Dist. Bd of Educ.,* 171 Ohio App. 3d 605, 615 (Ohio Ct. App. 9 Dist. 2007). |
| **DOES EXPRESS AGREEMENT BAR RECOVERY?** | Remedy of unjust enrichment not available where express contract.<br><br>*Chuparkoff v. Farmers Ins. of Columbus,* 2006 WL 1751219, at *9 (Ohio Ct. App., Summit County June 28, 2006).<br><br>"Absent fraud or illegality, a party to an express agreement may not bring a claim for unjust enrichment."<br><br>*Donald Harris Law Firm v. Dwight-Killian,* 166 Ohio App. 3d 786, 790, 853 N.E.2d 364, 367 (Ohio Ct. App. 6 Dist. 2006). |
| **MEASURE OF DAMAGES** | Damages are determined in the amount that the defendant benefited. |

| | |
|---|---|
| | *Nat'l City Bank v. Fleming* 2 Ohio App. 3d 50, 58, 440 N.E.2d 590, 549 (Ohio Ct. App. 1981). |

**OKLAHOMA**

| | |
|---|---|
| **ELEMENTS OF UNJUST ENRICHMENT CLAIM** | **1.  Expenditure by one person adds to the property of another or expenditure saves the other from expense or loss; and**<br>**2.  Situation it is contrary to equity and good conscience for one to retain a benefit which has come to him at the expense of another.**<br><br>*N.C. CoiffP'shiA Ltd. v. OXY USA, Inc.,* 929 P.2d 288, 295 (Okla. Ct. App. 1996). |
| **ACTION IN LAW OR EQUITY?** | **Equity.**<br><br>*N.C. Corff P'ship, Ltd. v. OXY USA, Inc.,* 929 P.2d 288, 295 (Okla. Ct. App. 1996). |
| **LIMITATIONS PERIOD/ LACHES** | **3 years. "The statute of limitations begins to run when plaintiff can first maintain an action to a successful conclusion."**<br><br>*Chalfant v. Tubb,* 453 F. Supp. 2d 1308, 1321 (N.D. Okla 2006). |
| **INJURY/ IMPOVERISHMENT** | **Injury to plaintiff not necessary: "there must be enrichment to another coupled with a resulting injustice."**<br><br>*N.C. Corff P'ship, Ltd. v. OXY USA, Inc.,* 929 P.2d 288, 295 (Okla. Ct. App. 1996). |
| **MISCONDUCT REQUIREMENT** | **Plaintiff need only show "enrichment to another coupled with a resulting injustice."**<br><br>*Teel v. Public Serv. Co. of Okla.,* 1985 OK 112, 767 P.2d 391, 398 (Okla. 1985). |
| **KNOWLEDGE/ APPRECIATION** | **Undecided.** |
| **DOES EXPRESS AGREEMENT BAR RECOVERY?** | **Yes.  "Where the plaintiff has an adequate remedy at law, the court will not ordinarily exercise its equitable jurisdiction to grant relief for unjust enrichment."**<br><br>*Harvell v. Goodyear Tire & Rubber Co.,* 164 P.3d 1028, 1035 (Okla. 2006). |
| **MEASURE OF DAMAGES** | **Restitution in the amount defendant is enriched.** |

CALL & JENSEN

|  | |
|---|---|
| | *Harvell v. Goodyear Tire & Rubber Co.,* 164 P.3d 1028 (Okla. 2006). |

**OREGON**

| ELEMENTS OF UNJUST ENRICHMENT CLAIM | **1. The plaintiff conferred a benefit on the defendant;** <br> **2. The defendant was aware that it had received a benefit and** <br> **3. Under the circumstances, it would be unjust for the defendant to retain the benefit without paying for it.** <br><br> *Winters v. County of Clatsop,* 210 Ore. App. 417, 421, 150 P.3d 1104, 1106 (Or. Ct. App. 2007); *Jaqua v. Nike, Inc.,* 125 Ore. App. 294, 298, 865 P.2d 442, 445 (Or. Ct. App. 1993). |
|---|---|
| ACTION IN LAW OR EQUITY? | **Equity.** <br><br> *Speciality Risk Servs. v. Royal Indem. Co.,* 213 Ore. App. 620, 625, 164 P.3d 300, 303 (Or. Ct. App. 2007). |
| LIMITATIONS PERIOD/ LACHES | **6 years; if limitations period "has run at the time the suit is filed, the burden shifts to defendants to prove the absence of laches."** <br><br> *Angelini v. Delaney,* 156 Ore. App. 293_, 305, 966 P.2d 223, 230 (Or. Ct. App. 1998). |
| INJURY/ IMPOVERISHMENT | **Undecided.** |
| MISCONDUCT REQUIREMENT | **"Without a legal obligation on the part of defendants to pay, the payment by plaintiffs did not "benefit" defendants."** <br><br> *Oregon Laborers-Employers Health & We are Trust Fund v. Philip Morris Inc.,* 18 F.3d 957, 968 (9th Cir. 1999). |
| KNOWLEDGE/ APPRECIATION | **Plaintiff must show that the defendant was aware that it had received a benefit.** <br><br> *Winters v. County of Clatsop,* 150 P.3d 1104, 1106 (Or. Ct. App. 2007). |
| DOES EXPRESS AGREEMENT BAR RECOVERY? | **Yes. However, even where an express contract exists, if a purchaser was induced to purchase property by a vendor's fraud, he may elect either to sue on the contract or to declare rescission and sue for consideration already paid.** |

| | |
|---|---|
| | *Lanners v. Whitney,* 247 Or. 223, 232, 428 P.2d 398, 402 (Or. 1967). |
| **MEASURE OF DAMAGES** | **The measure of restitution for a benefit conferred on another is the value of the benefit to the recipient, not the expense to the party who confers it.** |
| | *Hershiser v. USF&G Co.,* 276 Ore. 815, 821 556 P.2d 663, 665 (Or. 1976). |

**PENNSYLVANIA**

| | |
|---|---|
| **ELEMENTS OF UNJUST ENRICHMENT CLAIM** | **1. Benefits conferred on defendant by plaintiff;**<br>**2. Appreciation of such benefits by defendant; and**<br>**3. Acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value.**<br><br>*Limbach Co., LLC v. City of Phila.,* 905 A.2d 567, 575 (Pa. Cmwlth. Ct. 2006). |
| **ACTION IN LAW OR EQUITY?** | **Equity.**<br><br>*Guy M Cooper, Inc. v. East Penn Sch. Dist.,* 903 A.2d 608, 619 (Pa. Cmwlth. Ct. 2006). |
| **LIMITATIONS PERIOD/ LACHES** | **4 years.**<br><br>42 Pa. Con. Stat. § 5525(a)(4); *Sevast v. Kakouras,* 591 Pa. 44, 53, 915 A.2d 1147, 1153 (Pa. 2007). |
| **INJURY/ IMPOVERISHMENT** | **"A quasi-contract imposes a duty, not as a result of any agreement, whether express or implied, but in spite of the absence of an agreement, when one party receives unjust enrichment at the expense of another."**<br><br>*AmeriPro Search, Inc. v. Fleming Steel Co.,* 2001 PA Super 325, at \*P10, 787 A.2d 988, 991 (Pa. Super. Ct. 2001). |
| **MISCONDUCT REQUIREMENT** | **"The mere fact that the defendant may have benefited from the plaintiff's action alone is insufficient to grant relief under the doctrine." However, "[I]t must be shown that the defendant's enrichment is "unjust."**<br><br>*Wilson Area Sch. Dist. v. Skepton,* 860 A.2d 625, 631 (Pa. Cmwlth. Ct. 2004). |
| **KNOWLEDGE/ APPRECIATION** | **"The polestar of the unjust enrichment inquiry** |

CALL&
JENSEN

| | |
|---|---|
| | **is whether the defendant has been unjustly enriched; the intent of the parties is irrelevant."**<br><br>*Limbach Co., LLC v. City of Phila.,* 905 A.2d 567, 577 (Pa. Cmwlth. Ct. 2006). |
| **DOES EXPRESS AGREEMENT BAR RECOVERY?** | **Yes.**<br><br>*Mitchell v. Moore,* 1999 PA Super 77, at *P7, 729 A.2d 1200, 1203 (Pa. ˉSuper. Ct. 1999). |
| **MEASURE OF DAMAGES** | **The measure of damages is the value of the benefits conferred; i.e., the defendant must make restitution to the plaintiff in quantum meruit.**<br><br>*Styer v. Hugo,* 422 Pa. Super. 262, 268, 619 A.2d 347, 350 (Pa. Super. Ct. 1993). |

**RHODE ISLAND**

| | |
|---|---|
| **ELEMENTS OF UNJUST ENRICHMENT CLAIM** | **1. A benefit must be conferred upon the defendant by the plaintiff;**<br>**2. There must be appreciation by the defendant of such benefit; and**<br>**3. There must be an acceptance of such benefit in such circumstances that it would be inequitable for a defendant to retain the benefit without paying the value thereof.**<br><br>*Narragansett Elec. Co. v. Carbone,* 898 A.2d 87, 99 (R.I. 2006). |
| **ACTION IN LAW OR EQUITY?** | **Equity.**<br><br>*Narragansett Elec. Co. v. Carbone,* 898 A.2d 87, 99 (R.I. 2006). |
| **LIMITATIONS PERIOD/ LACHES** | **10 years.**<br><br>R.I. Gen. Laws § 9-1-13; *Narragansett Elec. Co. v. Carbone,* 898 A.2d 87, 101 (R.I. 2006). |
| **INJURY/ IMPOVERISHMENT** | **"A necessary element to a claim of unjust enrichment is that the plaintiff had a reasonable expectation of payment from the defendants."**<br><br>*Scully Signal Co. v. Joyal,* 881 F. Supp. 727, 745 (D.R.I. 1995). |
| **MISCONDUCT REQUIREMENT** | **"A valid claim of unjust enrichment can be based only on an element of misconduct or fault or undue advantage taken by one party of another."** |

CALL&
JENSEN

| | |
|---|---|
| | *Scrivani v. Esquire Swimming Pool Prods., Inc.,* 1975 WL 169989 (R.I. Super. Ct. 1975). |
| **KNOWLEDGE/ APPRECIATION** | **"[T]here must be appreciation by the defendant of such benefit."**<br><br>*Narragansett Elec. Co. v. Carbone,* 898 A.2d 87, 99 (R.I. 2006). |
| **DOES EXPRESS AGREEMENT BAR RECOVERY?** | **No. "Under Rhode Island law, unjust enrichment is not simply a remedy in contract and tort but can stand alone as a cause of action in its own right."**<br><br>*Dellagrotta v. Dellagrotto,* 873 A.2d 101, 113 (R.I. 2005). |
| **MEASURE OF DAMAGES** | **"Disgorgement or a money** judgment **may be appropriate remedies for unjust enrichment, especially when the plaintiff is not seeking to recover particular property or a specific fund of money."**<br><br>*Lawton v. Nyman,* 357 F. Supp. 2d 428, 434 (D.R.I. 2005). |

**SOUTH CAROLINA**

| | |
|---|---|
| **ELEMENTS OF UNJUST ENRICHMENT CLAIM** | **1. A benefit conferred upon the defendant by the plaintiff;**<br>**2. Realization of the** benefit **by the defendant; and**<br>**3. Retention by defendant of the benefit under conditions that make it inequitable for him to retain it without paying its value.**<br><br>*Ellis v. Smith Grading& Paving, Inc,* 294 S.C. 470_, 474, 366 S.E.2d 12, 15 (S.C. Ct. App. 1988). |
| **ACTION IN LAW OR EQUITY?** | **Equity.**<br><br>*Ellis v. Smith Grading & Paving, Inc.,* 366 S.E.2d 12, 14-15 (S.C. Ct. App. 1988). |
| **LIMITATIONS PERIOD/ LACHES** | **"So long as there is no knowledge of the wrong committed and no refusal to embrace opportunity to ascertain facts, there can be no laches. The failure to assert a right does not come into existence until there is a reason or situation that demands assertion. Moreover, the party asserting laches must show it has been materially prejudiced by the other party's delay.** |

CALL &
JENSEN

| | |
|---|---|
| | *Mid-State Trust, II v. Wright,* 323 S.C. 303, 307, 474 S.E.2d 421, 423 (S.C. 1996). |
| **INJURY/ IMPOVERISHMENT** | **"Unjust enrichment is an equitable doctrine, akin to restitution, which permits the recovery of that amount the defendant has been unjustly enriched at the expense of the plaintiff."** *Ellis v. Smith Grading & Paving, Inc.,* 366 S.E.2d 12, 14 (S.C. CI App. 1988). |
| **MISCONDUCT REQUIREMENT** | **Undecided.** |
| **KNOWLEDGE/ APPRECIATION** | **Requires "realization of that benefit by the defendant."** *Ellis v. Smith Grading & Paving, Inc.,* 366 S.E.2d 12, 15 (S.C. Ct. App. 19-88). |
| **DOES EXPRESS AGREEMENT BAR RECOVERY?** | **Yes.** *Pitts v. Jackson Nat'l Life Ins. Co.,* 352 S.C. 319, 339, 574 S.E.2d 502, 512 (S.C. Ct. App. 2002.) |
| **MEASURE OF DAMAGES** | **"[I]n equity, 'the measure of the recovery is the extent of the duty or obligation imposed by law, and is expressed by the amount which the court considers the defendant has been unjustly enriched at the expense of the plaintiff."** *Pitts v. Jackson Nat'l Life Ins. Co.,* 574 S.E.2d 502, 512 (S.C. Ct. App. 2002). |

### SOUTH DAKOTA

| | |
|---|---|
| **ELEMENTS OF UNJUST ENRICHMENT CLAIM** | **1. a benefit was received 2. the recipient was cognizant of that benefit and 3. the retention of the benefit without reimbursement would unjustly enrich the recipient.** *Northern Valley Communications, LLC v. Qwest Communications Corp.,* 659 F. Supp. 2d 1062, 1070-71 (D.S.D. 2009) |
| **ACTION IN LAW OR EQUITY?** | **Equity.** *Johnson v. Larson,* 779 N.W.2d 412, 416 (S.D. 2010). |
| **LIMITATIONS PERIOD/ LACHES** | **N/A** |
| **INJURY/ IMPOVERISHMENT** | **N/A** |
| **MISCONDUCT REQUIREMENT** | **Illegal or inequitable behavior.** *Northern Valley Communications, LLC v. Qwest* |

TEMPUR-SEALY INTERNATIONAL, INC. AND TEMPUR-PEDIC NORTH AMERICA, LLC'S STATE LAW VARIATIONS APPENDIX

| | |
|---|---|
| | *Communications Corp.*, 659 F. Supp. 2d 1062, 1070-71 (D.S.D. 2009) |
| **KNOWLEDGE/ APPRECIATION** | N/A |
| **DOES EXPRESS AGREEMENT BAR RECOVERY?** | Yes.<br><br>*Ryken v. Blumer*, 307 N.W.2d 865, 868 (S.D. 1981) |
| **MEASURE OF DAMAGES** | **Value of the benefit unjustly received, not the value of the service provided.**<br><br>*Dowling Family Partnership v. Midland Farms*, 865 N.W.2d 854, 863 (S.D. 2015) |

**TENNESSEE**

| | |
|---|---|
| **ELEMENTS OF UNJUST ENRICHMENT CLAIM** | **1.  A benefit conferred upon the defendant by the plaintiff;**<br>**2.  Appreciation by the defendant of such benefit; and**<br>**3.  Acceptance of such benefit under such circumstances that it would be inequitable for him to retain the benefit without payment of the value thereof.**<br><br>*Bennett v. Visa U.S.A. Inc.,* 198 S.W.3d 747, 755 (Tenn. Ct. App. 2006). |
| **ACTION IN LAW OR EQUITY?** | **Equity.**<br><br>*Metro Gov. of Nashville & Davidson County v. Cigna Healthcare of Tenn.,* 195 S.W.3d 28, 32 (Tenn. Ct. App. 2005). |
| **LIMITATIONS PERIOD/ LACHES** | **6 years.**<br><br>Tenn. Code Ann. § 28-3-109. |
| **INJURY/ IMPOVERISHMENT** | **Must show that "the enrichment was at the expense of the plaintiff."**<br><br>*Burkhart v. U.S. Commerce Equip. Fin., LLC,* 2001 Tenn. App. LEXIS 644, at *24 (Tenn. Ct. App. 2001). |
| **MISCONDUCT REQUIREMENT** | **Undecided.** |
| **KNOWLEDGE/ APPRECIATION** | **Requires appreciation by the defendant of such benefit.**<br><br>*Bennett v. Visa U.S.A. Inc.,* 198 S.W.3d 747, 755 (Tenn. Ct. App. 2006). |
| **DOES EXPRESS AGREEMENT BAR RECOVERY?** | **Yes, plaintiff must "demonstrate that he or she has exhausted all remedies against the person with whom the plaintiff enjoyed privity of contract."** |

TEMPUR-SEALY INTERNATIONAL, INC. AND TEMPUR-PEDIC NORTH AMERICA, LLC'S STATE LAW
VARIATIONS APPENDIX

CALL &
JENSEN

| | |
|---|---|
| | *Freeman Indus., LLC v. Eastman Chem. Co.,* 172 S.W.3d 512, 525 (Tenn. 2005). |
| **MEASURE OF DAMAGES** | **The amount of recovery in an unjust enrichment claim is the value of the benefit conferred, not the cost to the furnisher.**<br><br>*Doe v. HCA Health Serv. of Tenn.,* 46 S.W.3d 191, 198 (Tenn. 2001). |

### TEXAS

| | |
|---|---|
| **ELEMENTS OF UNJUST ENRICHMENT CLAIM** | **In Texas, "Unjust enrichment is not an independent cause of action but rather characterizes the result of a failure to make restitution of benefits either wrongfully or passively received under circumstances which give rise to an implied or quasi-contractual obligation to repay. The unjust enrichment doctrine applies principles of restitution to disputes where there is no actual contract and is based on the equitable principle that one who receives benefits which would be unjust for him to retain ought to make restitution."**<br><br>*Walker v. Cotter Props., Inc.,* 181 S.W.3d 895, 900 (Tex. Ct. App. Dallas 2006). |
| **ACTION IN LAW OR EQUITY?** | **Equity.**<br><br>*Pepi Corp. v. Galliford,* 254 S.W.3d 457, 460(Tex. Ct. App. Houston Dist. Feb. 8, 2007). |
| **LIMITATIONS PERIOD/ LACHES** | **2 years.**<br><br>*Pepi Corp. v. Galliford,* 254 S.W.3d 457, 461(Tex. Ct. App. Houston Dist. Feb. 8, 2007). |
| **INJURY/ IMPOVERISHMENT** | **Must obtain a benefit from another.**<br><br>*Fondren Const. Co., Inc. v. Briarcliff Housing Dev. Assocs., Inc.,* 196 S.W.3d 210, 218 (Tex. Ct. App. Houston 1 Dist. 2006). |
| **MISCONDUCT REQUIREMENT** | **"Recovery under a claim of unjust enrichment requires a plaintiff to prove that the defendant benefited from through fraud, duress, or the taking of undue advantage."**<br><br>*Fondren Const. Co.. Inc. v. Briarcliff Housing Dev. Assocs., Inc.,* 196 S.W.3d |

CALL & JENSEN

| | |
|---|---|
| | 210, 21 (Tex. Ct. App. Houston 1 Dist. 2006). |
| **KNOWLEDGE/ APPRECIATION** | **Defendant must have knowledge.**<br><br>*Fondren Const. Co., Inc. v. Briarcli Housing Dev. Assocs., Inc.,* 196 S.   .3d 210, 21-8 (Tex. Ct. App. Houston 1 |
| **DOES EXPRESS AGREEMENT BAR RECOVERY?** | **Yes.**<br><br>*First Union Nat. Bank v. Richmont Cap. Partners I, L.P.,* 168 S.W.3d 917, 931 (Tex. Ct. App. Dallas 2005). |
| **MEASURE OF DAMAGES** | **Restitution measure of damages: "the purpose of which is to place an aggrieved plaintiff in the position he occupied prior to his dealings with the defendant."**<br><br>*Best BCo., Inc. v. Barrera,* 214 S.W.3d 66, 73 (Tex. Ct. App. Corpus Christi 2006). |

### UTAH

| | |
|---|---|
| **ELEMENTS OF UNJUST ENRICHMENT CLAIM** | **1. A benefit conferred on one person by another;**<br>**2. An appreciation or knowledge by the conference of the** benefit: and<br>**3. The acceptance or retention by the conferee of the benefit so as to make it inequitable for the conferee to retain the benefit without payment of its value.**<br><br>*Am. Towers Owners Assn v. CCI Mech., Inc.,* 930 P.2d 1182, 1192 (Utah 1996); *Hess v. Johnston,* 163 P.3d 747, 754 (Utah Ct. App. 2007). |
| **ACTION IN LAW OR EQUITY?** | **Equity.**<br><br>*Am. Towers Owners Assn v. CCI Mech., Inc.,* 930 P.2d 1182, (Utah 1996). |
| **LIMITATIONS PERIOD/ LACHES** | **4 years**<br><br>Utah Code Ann. § 78-12-25; *CIG Exploration, Inc. v. Hill,* 824 F. Supp. 1532, 1548 (D. Utah 1993). |
| **INJURY/ IMPOVERISHMENT** | **Benefit to defendant must come at expense to plaintiff.**<br><br>*CIG Exploration, Inc. v. Hill,* 824 F. Supp. 1532, 1346 (D. Utah 1993). |
| **MISCONDUCT REQUIREMENT** | **"There must be some misleading act, request for services, or the like, to** |

CALL & JENSEN

| | |
|---|---|
| | support such an action." |
| | *Knight v. Post,* 748 P.2d 1097, 1101 (Utah Ct. App. 1988). |
| **KNOWLEDGE/ APPRECIATION** | **Defendant must have appreciation or knowledge of benefit.** |
| | *Am. Towers Owners Assn v. CCI Mech., Inc.,* 930 P.2d 1182, 1192 (Utah 1996); *Hess v. Johnston,* 163 P.3d 747 (Utah Ct. App. 2007). |
| **DOES EXPRESS AGREEMENT BAR RECOVERY?** | **Yes.** |
| | *Am. Towers Owners Ass 'n v. CCI Mech., Inc.,* 930 P.2d 1182, 1193 (Utah 1996). |
| **MEASURE OF DAMAGES** | **"The benefit conferred on the defendant, and not the plaintiff's detriment or the reasonable value of its services, is the measure of recovery."** |
| | *Al ha Partners, Inc. v. Transam. Inv. Mgmt., L.L.C.,* 2006 UT App 331, at *P36, 153 P.3d 714, 723 (Utah a App. 2006). |
| | **Damages awarded under a theory of unjust enrichment are not subject to prejudgment interest.** |
| | *Shoreline Dev. Co. v. Utah County,* 835 P.2d 207, 211 (Utah Ct. App. 1992). |

### VERMONT

| | |
|---|---|
| **ELEMENTS OF UNJUST ENRICHMENT CLAIM** | **1. A benefit was conferred on defendant;** **2. Defendant accepted the benefit; and** **3. Defendant retained the benefit under such circumstances that it would be inequitable for defendant not to compensate plaintiff for its value.** |
| | *Center v. Mad River Corp.,* 151 Vt. 408, 412, 561 A.2d 90, 93 (Vt. 1989). |
| **ACTION IN LAW OR EQUITY?** | **Equity.** |
| | *Morrisville Lumber Co., Inc. v. Okcuoglu,* 148 Vt. 180, 184, 531 A.2d 887, 889 (Vt. 1987). |
| **LIMITATIONS PERIOD/ LACHES** | **6 years.** |
| | 12 Vt. Stat. Ann. § 511; *Stankiewicz v. Estate of LaRose,* 151 Vt. 453, 456, 561 A.2d 400, 402 (Vt. |

CALL & JENSEN

| | |
|---|---|
| | 1989). |
| **INJURY/ IMPOVERISHMENT** | Benefit accepted at expense of another.<br><br>*Legault v. Legault,* 142 Vt. 525, 529, 459 A.2d 980, 983 (Vt. 1983).<br><br>**"The retention of a benefit is not unjust where defendants have paid for it."**<br><br>*Ray Reilly's Tire Mart, Inc. v. F.P. Elnicki, Inc.,* 149 Vt. 37, 39, 537 A.2d 994, 995 (Vt. 1987). |
| **MISCONDUCT REQUIREMENT** | Plaintiff must show that money was actually received and wrongfully withheld.<br><br>*Winey v. William E. Dailey, Inc.,* 161 Vt. 129, 140, 636 A.2d 744, 751 (Vt. 1993). |
| **KNOWLEDGE/ APPRECIATION** | Undecided. |
| **DOES EXPRESS AGREEMENT BAR RECOVERY?** | Not always. A contract between two parties does not bar enforcement of an obligation in quasi contract between one of the parties to the contract and the recipient of the benefit of the contract when the express contract becomes unenforceable.<br><br>*Ray Reilly's Tire Mart, Inc. v. Elnicki, Inc.,* 537 A.2d 994, 995 (Vt. 1987). |
| **MEASURE OF DAMAGES** | Measure of damages is "the value of the benefit actually conferred upon the defendant."<br><br>*DJ Painting, Inc. v. Baraw Enters., Inc.,* 172 Vt. 239, 242-43, 776 A.2d 413, 417 (Vt. 2001).<br><br>Interest on money wrongfully withheld is not the unqualified right of the prevailing litigant.<br><br>*Legault v. Legault,* 459 A.2d 980, 984-85 (Vt. 1983). |

## VIRGINIA

| | |
|---|---|
| **ELEMENTS OF UNJUST ENRICHMENT CLAIM** | 1.  A benefit conferred upon the defendant by the plaintiff;<br>2.  Appreciation or knowledge of the benefit by the defendant; and<br>3.  An acceptance or retention of the benefit in circumstances which would make it inequitable for the defendant to retain the |

| | |
|---|---|
| | benefit without paying for its value. |
| | *Nossen v. Hoy,* 750 F. Supp. 740, 744-45 (E.D. Va. 1990). |
| **ACTION IN LAW OR EQUITY?** | **Equity.** |
| | *Kern v. Freed Co., Inc.,* 224 Va. 678, 68081, 299 S.E.2d 363, 365 (Va. 1983). |
| **LIMITATIONS PERIOD/ LACHES** | **3 years. "The statute of limitations for unjust enrichment begins to run at the time the unjust enrichment occurred, which is the moment the expected compensation is not paid, not when a party "knew or should have known" of the unjust enrichment.** |
| | Va. Code Ann. §8.01-246• *Belcher v. Kirkwood* 238 Va. 430, 433.383 S.E.2d 729. 731 (Va. 1989); *Tao of Sys. Integration, Inc. v. Analytical Servs. & Materials, Inc.,* 299 F. Supp. 2d 565, 576 (E.D. Va. 2004). |
| **INJURY/ IMPOVERISHMENT** | **Benefit at the expense of another.** |
| | *Kern v. Freed Co., Inc.,* 299 S.E.2d 363, 365 (Va. 1983). |
| **MISCONDUCT REQUIREMENT** | **Undecided.** |
| **KNOWLEDGE/ APPRECIATION** | **Appreciation or knowledge of the benefit by the defendant.** |
| | *Nossen v. Hoy,* 750 F. Supp. 740, 744-45 (E.D. Va. 1990). |
| **DOES EXPRESS AGREEMENT BAR RECOVERY?** | **Yes.** |
| | *United Leasing Corp. v. Resource Bank,* No. LM-1064, 58 Va. Cir. 96, 103 (Va. Cir. Ct. Feb. 22, 2002). |
| **MEASURE OF DAMAGES** | **The accepted measure of recovery under a theory of unjust enrichment is the value of the benefit retained by the defendant.** |
| | *Marine Dev. V. Rodak* 225 Va. 137, 144, 300 S.E.2d 763, 767 (1983). |

**WASHINGTON**

| | |
|---|---|
| **ELEMENTS OF UNJUST ENRICHMENT CLAIM** | **1. A benefit conferred upon the defendant by the plaintiff;**<br>**2. An appreciation or knowledge by the defendant of the benefit;**<br>**3. And the acceptance or retention by the** |

| | |
|---|---|
| | defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without the payment of the value.<br><br>*Bailie Comms., Ltd. v. Trend Business Sys., Inc.*, 61 Wn. App. 151, 159-60 (Wash Ct. App. 1991) |
| **ACTION IN LAW OR EQUITY?** | Equity.<br><br>*Dragt v. Dragt/ DeTray, LLC*, 139 Wn. App. 560, 576 (Wash. Ct. App. 2007) |
| **LIMITATIONS PERIOD/ LACHES** | 6 years.<br><br>Rev. Code. Wash. Ann. § 4.16.040; *Jordon v. Bergsma*, 63 Wn. App. 825, 828 (Wash. Ct. App. 1992). |
| **INJURY/ IMPOVERISHMENT** | Benefit of the expense of another. "Enrichment alone with not trigger the doctrine; the enrichment must be unjust both under the circumstances and as between the two parties to the transaction.  The person against whom the plaintiff asserts unjust enrichment must be more than a mere incidental beneficiary to the transaction."<br><br>*Bailie Comms., Ltd. v. Trend Business Sys., Inc.*, 61 Wn. App. 151, 159-60 (Wash Ct. App. 1991); *Bort v. Parker*, 110 Wn. App. 561, 580 (Wash. Ct. App. 2002). |
| **MISCONDUCT REQUIREMENT** | No wrongdoing by defendant necessary.<br><br>*In re Estate of Ginsberg*, 2003 Wash. App. LEXIS 3073, at *5 (Wash. Ct. App. 2003). |
| **KNOWLEDGE/ APPRECIATION** | Requires an appreciation or knowledge of the benefit by the defendant.<br><br>*Bailie Comms., Ltd. v. Trend Business Sys., Inc.*, 61 Wn. App. 151, 159-60 (Wash Ct. App. 1991) |
| **DOES EXPRESS AGREEMENT BAR RECOVERY?** | Yes.<br><br>*MacDonald v. Hayner*, 43 Wn. App. 81, 86 (Wash. App. Ct. 1986). |
| **MEASURE OF DAMAGES** | Plaintiff "may recover the reasonable value of the benefit conferred upon the defendant."<br><br>*Bort v. Parker*, 110 Wn. App. 561, 580 (Wash. Ct. App. 2002). |

**WEST VIRGINIA**

| | |
|---|---|
| **ELEMENTS OF UNJUST ENRICHMENT CLAIM** | 1.  Benefits received and retained by defendant; and<br>2.  Under such circumstance that it would be inequitable and unconscionable to permit the |

TEMPUR-SEALY INTERNATIONAL, INC. AND TEMPUR-PEDIC NORTH AMERICA, LLC'S STATE LAW VARIATIONS APPENDIX

CALL & JENSEN

|  | party receiving them to avoid payment thereof. *Realmark Devs., Inc. v. Ranson,* 214 W. Va. 161, 164, 588 S.E.2d 150, 153 (W. Va. 2003). |
|---|---|
| **ACTION IN LAW OR EQUITY?** | Action law. "The right to recover for unjust enrichment is based on the principles of equity. However, the remedy sought in this case is a money<br><br>Therefore, and, thus, is governed by law." Therefore, "a suit seeking monetary recovery under a theory of unjust enrichment is an action at law and therefore, can be tried before a jury."<br><br>*Realmark Devs., Inc. v. Ranson,* 588 S.E.2d 150, 153 (W. Va. 2003). |
| **LIMITATIONS PERIOD/ LACHES** | 5 years.<br><br>W. Va. Code,      55-2-6; *Stand Energy Corp. v. Columbia      Gas Trans. Corp.,* 2006 WL 162988, at *2 (S.D. W. Va. Jan. 20, 2006). |
| **INJURY/ IMPOVERISHMENT** | Defendant enriched at the expense of the Plaintiff.<br><br>*LaPosta Oldsmobile, Inc. v. Gen. Motors Corp.,* 426 F. Supp. 2d 346, 356 (N.D. W. Va. 2006). |
| **MISCONDUCT REQUIREMENT** | No misconduct required.<br><br>*Affholder, Inc. v. N. Am. Drillers, Inc.,* 2006 WL 3192537(S.D. W. Va., Nov. 1, 2006). |
| **KNOWLEDGE/ APPRECIATION** | Undecided. |
| **DOES EXPRESS AGREEMENT BAR RECOVERY?** | Yes.<br><br>*Bright v. QSP, Inc.,* 20 F.3d 1300, 1306 (4th Cir. W. Va. 19941 |
| **MEASURE OF DAMAGES** | The measure of recovery is the reasonable value of the goods or services furnished to the benefited defendant.<br><br>*Realmark Devs., Inc. v. Ranson,* 588 S.E.2d 150, 153 (W. Va. 2003). |

**WISCONSIN**

| **ELEMENTS OF UNJUST ENRICHMENT CLAIM** | 1.  A benefit that has been conferred upon the defendant by the plaintiff;<br>2.  Appreciation by the defendant of the benefit; and |
|---|---|

TEMPUR-SEALY INTERNATIONAL, INC. AND TEMPUR-PEDIC NORTH AMERICA, LLC'S STATE LAW VARIATIONS APPENDIX

| | |
|---|---|
| | **3.  Acceptance and retention by the defendant of the benefit, under circumstances such that it would be inequitable to retain the benefit without payment.**<br><br>*Staver v. Milwaukee County*, 289 Wis. 2d 675, 687 (Wis. Ct. App. 2006) |
| **ACTION IN LAW OR EQUITY?** | **Equity.**<br><br>*Abbott v. Marker*, 295 Wis. 2d 636, 647-48 (Wis. Ct. App. 2006). |
| **LIMITATIONS PERIOD/ LACHES** | **"[I]n the absence of a controlling statute, the timeliness of an unjust enrichment claim is governed by laches."**<br><br>*Lambo v. Kathleen D'Acquisto Irrevocable Trust*, 740 N.W.2d 901 (Wis. Ct. App. 2007). |
| **INJURY/ IMPOVERISHMENT** | **Injury to plaintiffs irrelevant: "Establishing a loss of profit by the plaintiff does not prove unjust enrichment of the defendant."**<br><br>*Mgmt. Comp. Servs., Inc. v. Hawkins, Ash, Baptie & Co.*, 206 Wis. 2d 158, 188-89 (Wis. 1996). |
| **MISCONDUCT REQUIREMENT** | **Undecided.** |
| **KNOWLEDGE/ APPRECIATION** | **Requires appreciation by the defendant of the benefit.**<br><br>*Staver v. Milwaukee County,* 712 N.W. 2d 387, 393 (Wis. Ct. App. 2006). |
| **DOES EXPRESS AGREEMENT BAR RECOVERY?** | **Yes.**<br><br>*Watts v. Watts*, 137 Wis. 2d 506, 530 (Wis. 1987). |
| **MEASURE OF DAMAGES** | **Relief is discretionary; "damages in an unjust enrichment claim are measured by the benefit conferred upon the defendant."**<br><br>*Abbott v. Marker*, 295 Wis. 2d 636, 647-48 (Wis. Ct. App. 2006); *W.H. Fuller Co. v. Seater*, 226 Wis. 2d 381, 385 (Wis. Ct. App. 1999). |

/ / /

/ / /

/ / /

/ / /

**WYOMING**

| ELEMENTS OF UNJUST ENRICHMENT CLAIM | 1.  Valuable services were rendered, or materials furnished,<br>2.  to the party to be charged,<br>3.  which services or materials were accepted, used and enjoyed by the party to be charged; and<br>4.  that the services or materials were furnished under such circumstances as would reasonably notify the party to be charged that the plaintiff, in rendering such services or furnishing such materials, expected to be paid by the party to be charged. Without such  payment, the party would be unjustly enriched.<br><br>*Jacoby v. Jacoby,* 100 P.3d 852, 855 (Wy. 2004) |
|---|---|
| ACTION IN LAW OR EQUITY? | Equity.<br><br>*Landeis v. Nelson*, 808 P.2d 216, 218 (Wy. 1991) |
| LIMITATIONS PERIOD/ LACHES | 4 years.<br><br>*Platt v. Creighton*, 150 P.3d 1194, 1198 (Wy. 2007) |
| INJURY/ IMPOVERISHMENT | N/A |
| MISCONDUCT REQUIREMENT | Wrongdoing or wrongful intent is not necessary.<br><br>*Landeis v. Nelson*, 808 P.2d 216, 218 (Wy. 1991) |
| KNOWLEDGE/ APPRECIATION | N/A |
| DOES EXPRESS AGREEMENT BAR RECOVERY? | N/A |
| MEASURE OF DAMAGES | Restitution. |

Dated:  September 16, 2015

CALL & JENSEN
A Professional Corporation
Mark L. Eisenhut
Matthew R. Orr
Samuel G. Brooks

By:*/s/ Samuel G. Brooks*
    Samuel G. Brooks

Attorneys  for  Defendants  Tempur-Sealy  International, Inc.,  formerly  known  as  Tempur-Pedic  International,  Inc. and Tempur-Pedic North America, LLC

TEMPUR-SEALY INTERNATIONAL, INC. AND TEMPUR-PEDIC NORTH AMERICA, LLC'S STATE LAW VARIATIONS APPENDIX

1

## <u>CERTIFICATE OF SERVICE</u>

2     I hereby certify that on September 16, 2015, I electronically filed the foregoing document

3   described as **TEMPUR-SEALY INTERNATIONAL, INC. AND TEMPUR-PEDIC NORTH**

4   **AMERICA, LLC'S STATE LAW VARIATIONS APPENDIX** with the Clerk of the Court using

5   the CM/ECF System which will send notification of such filing via electronic mail to all counsel of

6   record.

7

8                                  /s/      *Samuel G. Brooks*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TEMPUR-SEALY INTERNATIONAL, INC. AND TEMPUR-PEDIC NORTH AMERICA, LLC'S STATE LAW
VARIATIONS APPENDIX