UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVIN TODD, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>TEMPUR-SEALY INTERNATIONAL, INC., et al.,<br><br>    Defendants. | Case No. 13-cv-04984-JST   (MEJ)<br><br>**ORDER GRANTING MOTION FOR CLARIFICATION OF MINUTE ORDER**<br><br>Re: Dkt. Nos. 191, 213 |

Pending before the Court is Defendants Tempur-Sealy International, Inc. and Tempur-Pedic North America, LLC's ("Defendants") Motion for Clarification of Minute Order. Dkt. No. 213. The matter at issue relates to a subpoena duces tecum served on Google, Inc. to obtain information regarding web analytic data, specifically the number of "hits" on a webpage maintained by Allen Stewart P.C. (Plaintiffs' counsel) regarding this lawsuit. As background, on March 8, 2016, Allen Stewart P.C. filed a letter raising two questions:

> Question 1: Once the in-person meet and confer session has taken place, should the motion to quash be filed as a Motion, or as a Joint Letter that is no longer than 5 pages as in Judge James' Discovery Standing Order (Revised February 19, 2014)?

> Question 2: Pursuant to Fed. R. Civ. P. 45, an objection must be filed within 14 days of service, so I am currently against a deadline that is coming up this Thursday, March 10, 2016. If the parties cannot complete the in-person meet and confer by then, in what format can the motion to quash be filed, while still maintaining timeliness on our objection?

Dkt. No. 190.

The Court issued the following Minute Order in response:

> Order by Mag. Judge Maria-Elena James re [190] Letter re

> Procedural Questions Regarding Filing of Motion to Quash. The Court responds to counsel's questions as follows: (1) As indicated in the Discovery Standing Order, if unable to resolve their dispute after good faith meet and confer efforts in person, all discovery disputes are to be submitted in the form of a joint letter, including non-parties, (2) Counsel's letter shall constitute an objection pursuant to Rule 45. No further filing is required.

Dkt. No. 191

Defendants now request clarification of this Order for three reasons. First, Defendants maintain the Court improperly treated the letter as an "objection," which is not an appropriate response to a subpoena duces tecum. Mot. at 4 (citing *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636 (C.D. Cal. 2005)). The Court understands Defendants' concern and clarifies as follows. The Court construes the second question in Plaintiffs' counsel's March 8 letter as a request for additional time to object or request to quash, and the Minute Order granted counsel's request. Thus, any subsequent objection or request to quash filed concerning this matter would be timely.

Second, Defendants argue Plaintiffs' counsel asserted no grounds for the objection, and thus Defendants are left in a position of having to address an objection without knowing the basis. *Id.* Defendants state they are uncertain as to which party has the burden in this instance to bring the matter before the Court and initiate the joint letter briefing. *Id.* The Court responds as follows. As Plaintiffs seek to quash the subpoena, they are responsible for initiating the joint letter briefing. Further, the Discovery Standing Order applies to nonparties, and its provisions would therefore apply to Google, Inc., should it become involved.

Finally, Defendants request the Court clarify its ruling regarding the in-person meet and confer and whether or not it applies in this situation. *Id.* at 5. Defendants state this is their third attempt to obtain this information, having previously attempted to obtain it from another web vendor of Allen Stewart P.C. and Allen Stewart P.C. itself. *Id.* In both instances, counsel for Defendants met in person with counsel for Plaintiffs—the first occurred on September 18, 2015 and the second occurred on February 18, 2016—and both parties agree that a third in person meet and confer will be futile. *Id.* Under these circumstances, the Court agrees that the parties have

met their obligations to meet and confer on this issue.[1]

**IT IS SO ORDERED.**

Dated: May 2, 2016

_____
MARIA-ELENA JAMES
United States Magistrate Judge

---

[1] *See* Civ. L.R. 1-5(n) ("'Meet and confer' or 'confer' means to communicate directly and discuss in good faith the issue(s) required under the particular Rule or order. Unless these Local Rules otherwise provide or a Judge otherwise orders, such communication may take place by telephone. The mere sending of a written, electronic, or voice-mail communication, however, does not satisfy a requirement to 'meet and confer' or to 'confer.' Rather, this requirement can be satisfied only through direct dialogue and discussion – either in a face to face meeting or in a telephone conversation.")