Mark L. Eisenhut, Bar No. 185039
meisenhut@calljensen.com
Matthew R. Orr, Bar No. 211097
morr@calljensen.com
Sam G. Brooks, Bar No. 272107
sbrooks@calljensen.com
CALL & JENSEN
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA 92660
Tel: (949) 717-3000
Fax: (949) 717-3100

Douglas B. Brown, Esq. *[Admitted Pro Hac Vice]*
dbrown@rumberger.com
Daniel J. Gerber, Esq. *[Admitted Pro Hac Vice]*
dgerber@rumberger.com
Samantha C. Duke, Esq. *[Admitted Pro Hac Vice]*
sduke@rumberger.com
RUMBERGER, KIRK & CALDWELL, P.A.
Lincoln Plaza, Suite 1400
300 South Orange Avenue
Orlando, FL 32802
Tel.: (407) 872-7300
Fax: (407) 841-2133

Attorneys for Defendants Tempur-Sealy International, Inc., formerly known as Tempur-Pedic International, Inc. and Tempur-Pedic North America, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

ALVIN TODD and MELODY TODD, et al., individually and on behalf of all others similarly situated,

Plaintiffs,

vs.

TEMPUR-SEALY INTERNATIONAL, INC., formerly known as TEMPUR-PEDIC INTERNATIONAL, INC. and TEMPUR-PEDIC NORTH AMERICA, LLC,

Defendants.

Case No. 3:13-cv-04984-JST (MEJ)

**TEMPUR-SEALY INTERNATIONAL, INC. AND TEMPUR-PEDIC NORTH AMERICA, LLC'S OBJECTIONS TO REPLY EVIDENCE SUBMITTED WITH PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO CLASS CERTIFICATION [ECF NOS. 269-1 AND 270-3, 4]**

Judge: Honorable Jon S. Tigar
Date: Aug. 18, 2016
Time: 2:00 P.M.
Crtm: 9, 19th Floor

Complaint Filed: October 25, 2013
Trial Date: None Set

CALL & JENSEN EST. 1981

Pursuant to Local Rule 7-3(d), Defendants Tempur-Sealy International, Inc. and Tempur-Pedic North America, LLC (collectively "Defendants") make the following objections to new evidence presented with Plaintiffs' Reply in Support of is Motion for Class Certification [ECF No. 269].

**I. DR. AIMEE ROSSI AND DR. PETER ROSSI'S OPINIONS REGARDING THE BLACKSTONE SURVEYS SHOULD BE STRICKEN**

In support of their Motion for Class Certification, Plaintiffs filed the expert reports of Drs. Peter and Aimee Rossi. [ECF No. 145-11 and 145-12]. At that time, Drs. Rossi were not offering opinions on the reliability of the Blackstone surveys. In fact, Dr. Aimee Rossi relied on the Blackstone surveys in her report. [ECF No. 145-12 at ¶¶ 41, 56, Ex. B]. But, at deposition Dr. Aimee Rossi testified:

> Q Do you consider the Blackstone document surveys generally reliable?
>
> A I am mostly familiar with the 2010. From what I gleaned, I hadn't -- I didn't go back to each one of those things with an eye what did they do wrong in this particular market research activity. I really just tried to be agnostic and say this is what they did, and this is -- yeah. But if I were supposed to be bringing my critical expertise on any of the ads or surveys, then I would want to see it and look at it and look at the participants and all that stuff.

[ECF No. 225-1 at 244:13 – 245:10]. And, Dr. Peter Rossi testified in deposition "I haven't analyzed the reliability of those surveys, and I don't intend to." [ECF No. 225-2 at 109:14-18; *see also* 246:22-247:9 (stating the underlying Blackstone data was not relevant to him)].

Now, almost one year later, Drs. Rossi take the position in their "sur-rebuttal" reports that the Blackstone surveys are <u>not</u> reliable. [ECF No. 270-3 (hereinafter "A.

CALL & JENSEN EST. 1981

Rossi Sur-Rebuttal Report") at ¶¶ 20-42; ECF No. 270-4 (hereinafter "P. Rossi Sur-Rebuttal Report") at pp. 19-22]. These new opinions should be stricken because they are without factual support, speculative, argumentative and unreliable.

Federal Rule of Evidence 702 requires expert evidence be reliable. Drs. Rossi's opinions regarding the Blackstone surveys are not reliable because they have consistently ignored relevant and undisputed facts in reaching their conclusions. *See, e.g. Nebraska Plastics, Inc. v. Holland Colors Americas, Inc.*, 408 F. 3d 410, 416 (8th Cir. 2004) ("an expert opinion that fails to consider the relevant facts of the case is fundamentally unsupported"); *Carlson v C.H. Robinson Worldwide, Inc.*, Civ. No. 02-3780/Civ. No. 02-4261, 2005 WL 758601 at *4 (D. Minn. Mar. 30, 2005) (narrow and abbreviated examination of documents fails to establish a reliable basis for conclusions or that conclusions are the product of reliable principles or methods).

For example, Dr. Aimee Rossi criticizes the Blackstone surveys for failing to record responses for customers who were not satisfied with their Tempur mattress. [A. Rossi Sur-Rebuttal Report at ¶ 20 (a)(ii)]. Yet, this data was recorded and available for her review. *See* [ECF No. 221-4 at TPBG 001243-61]. She further argues the surveys are not reliable because they provide only one response per question asked, (A. Rossi Sur-Rebuttal Report at ¶ 20(g)), when in fact multiple answers were often given in response. *See* [ECF No. 221-4 at TPBG 000818 (compare "SIGMA" with "Total Respondents").

The Rossis' opinions have no factual or legal foundation and are mere opinions based on their own personal introspection rather than empirical analyses. There are no citations to the record or citation to any scientific publications supporting their opinions. *See* A. Rossi Sur-Rebuttal Report at ¶ 20; P. Rossi Sur-Rebuttal Report at pp. 19-22. This type of self-supported opinion is excluded by courts as being too speculative and conjectural to be of value. *See Martinez v. Davis*, No. CV 05-5684 ABC (JEMx), 2011 WL 486255, at *1 (C.D. Cal. Feb. 4, 2011) (finding expert testimony based on "my

CALL & JENSEN EST. 1981

opinion" and curriculum vitae inadmissible). If an expert's conclusions do not rest on proper analysis or methodology, the expert's testimony must be excluded. *Cholakyan v. Mercedes-Benz, USA, LLC*, 281 F.R.D. 534, 547 (C.D. Cal. 2012). In other words, an expert's analysis requires more than "it is so because I say so." *Holesapple v. Barrett*, 5 F. App'x 177, 180 (4th Cir. 2001).

Drs. Rossi "sur-rebuttal" reports are also improperly argumentative and include inappropriate ad hominem attacks. *See, e.g.* A. Rossi Sur-Rebuttal at ¶ 35 ("given the obvious low quality of the 'raw data', I seriously question whether any of Defendants' experts besides Burmester read respondents' answers"). These types of opinions should be excluded. *See Avila v. Willits Environmental Remediation Trust*, No. C 99-3941 SI, 2008 WL 360858, at *16 (N.D. Cal. Feb. 6, 2008). And in fact, the evidence shows that this data was analyzed carefully by Defendants' experts. *See, e.g.* [ECF No. 225-8, Exs. 6A-6C; ECF No. 225-4, Exs. 9A-9C]. Dr. Aimee Rossi makes clear that she did not read the data but instead relied on narrow word searches to justify her opinions. [A. Rossi Sur-Rebuttal at ¶ 61]. But, a broader reading of the data is required and was performed by Defendants experts. Compare [ECF No. 225-8, ¶¶ 39-40].

In sum, the Rossis' new attacks on the Blackstone surveys are unfounded, speculative and unreliable and should be stricken.

## II. APPENDIX A TO THE REPLY BRIEF IS IMPROPER ARGUMENT AND IMPERMISSIBLY EXPANDS PLAINTIFFS' ALLOWABLE PAGE LIMITS

Local Rule 7-3(c) provides that "the reply brief or memorandum may not exceed 15 pages of text." Appendix A to the Reply brief, measuring sixty-two (62) pages long, impermissibly expands this page requirement because it offers improper argument in response to Defendants' Motion to Strike the Plaintiffs' Declarations. [ECF No. 239-1]. This appendix is not a mere recitation of facts. This is best demonstrated by the

CALL & JENSEN EST. 1981

TEM01-01:1757467_1.docx:7-25-16 - 4 -
TEMPUR-SEALY INTERNATIONAL, INC. AND TEMPUR-PEDIC NORTH AMERICA, LLC'S OBJECTIONS TO REPLY EVIDENCE SUBMITTED WITH PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO CLASS CERTIFICATION [ECF NOS. 269-1 AND 270-3, 4]

inclusion of a column titled "Plaintiff's Responses" in which Plaintiffs provide argument in response to each of Defendants' assertions. *Id.*

Of further concern is the fact that Plaintiffs' counsel is attempting to explain testimony on behalf of their clients, without a declaration or sworn testimony from their clients. Plaintiffs' counsel had ample opportunity to rehabilitate their clients during their depositions. They did not. Unsupported argument and factual assertions cannot be made now in violation of the page limit.

## III. CONCLUSION

The "Sur-Rebuttal" Reports of Drs. Peter and Aimee Rossi with new opinions criticizing the Blackstone surveys should be stricken because these previously undisclosed opinions are without factual support, are speculative, and otherwise unreliable. In addition, Appendix A to Plaintiffs' Reply in support of class certification should be stricken as impermissibly exceeding the applicable page limits.

Dated: July 25, 2016

CALL & JENSEN
A Professional Corporation
Mark L. Eisenhut
Matthew R. Orr

By: /s/ *Matthew R. Orr*
Matthew R. Orr

Attorneys for Defendants Tempur-Sealy International, Inc., and Tempur-Pedic North America, LLC

CALL & JENSEN EST. 1981

TEM01-01:1757467_1.docx:7-25-16 - 5 -
TEMPUR-SEALY INTERNATIONAL, INC. AND TEMPUR-PEDIC NORTH AMERICA, LLC'S OBJECTIONS TO REPLY EVIDENCE SUBMITTED WITH PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO CLASS CERTIFICATION [ECF NOS. 269-1 AND 270-3, 4]

**CERTIFICATE OF SERVICE**

I hereby certify that on July 25, 2016, I electronically filed the foregoing document described as **TEMPUR-SEALY INTERNATIONAL, INC. AND TEMPUR-PEDIC NORTH AMERICA, LLC'S OBJECTIONS TO REPLY EVIDENCE SUBMITTED WITH PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO CLASS CERTIFICATION [ECF NOS. 269-1 AND 270-3, 4]** with the Clerk of the Court using the CM/ECF System which will send notification of such filing via electronic mail to all counsel of record.

*/s/ Matthew R. Orr*
Matthew R. Orr

CALL & JENSEN EST. 1981

TEM01-01:1757467_1.docx:7-25-16

- 6 -

TEMPUR-SEALY INTERNATIONAL, INC. AND TEMPUR-PEDIC NORTH AMERICA, LLC'S OBJECTIONS TO REPLY EVIDENCE SUBMITTED WITH PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO CLASS CERTIFICATION [ECF NOS. 269-1 AND 270-3, 4]