# EXHIBIT 3

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Alvin Todd, *et al.*,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>Tempur-Sealy International, Inc *et al,*<br><br>　　　　Defendants. | Civil Action No. 3:13-cv-04984-JST |

Response to Tempur-Pedic's "Objections" (7/25/16) and Administrative Motion (7/28/16)
Peter E. Rossi, Ph.D
August 1, 2016

As an economics and marketing expert, I filed a report proposing a measure of economic loss or damages as well as a methodology for computing this measure of loss on a uniform basis for the proposed class of purchasers of Tempur-Pedic mattresses. My report provided extensive detail on these methods as well as a discussion of my view that a market price premium measure of damages is appropriate. An important part of my proposed methodology is a scientifically designed and rigorous survey designed to help assess the market price premium that might be attributed to the claims at issue. At the time of my report, I reviewed the data that was available and explained why this data is inadequate and that a properly designed and analyzed survey was vital to any credible damages calculation. My report was provided extensive references to peer-reviewed articles that I and other economic and marketing experts have written on methodology I propose to use.

In response to my proposal, the defendants' experts, Drs. Langenfield and Reibstein, filed rebuttal reports. Their response was a combination of a critique of my proposed methodology as well as an argument that there was no loss incurred by the proposed class members. Central to their argument was their view that data from the various Blackstone Group surveys called into question the reliability of my proposed method. In particular, the defendants' experts claimed that the Blackstone surveys showed that very few, if any, proposed class members were exposed to the claims at issue. Moreover, the defendants' experts purport the Blackstone surveys to also show that few consumers care about mattress materials and focus almost exclusively on the "comfort" of a mattress. These claims about the contents of the Blackstone surveys are central to their arguments that, in their view, my proposed damages calculations are either invalid or unreliable.

Given that the defendants' criticisms of my report hinge almost exclusively on the Blackstone data, I felt that it was my responsibility to review this data as well as the survey methods used to obtain it. Dr. A. Rossi had undertaken extensive review and analysis of the various Blackstone surveys. For the reasons outlined in my sur-rebuttal report, I do not believe that the Blackstone data meets any acceptable standards for survey research and

suffers from fatal conceptual and execution flaws. Finally, the defendants' experts did not review the data carefully and failed to disclose that there is evidence in the Blackstone data that directly contradicts their assumptions that few proposed class members were exposed to the claims, cared about health characteristics of mattress materials, or relied exclusively on comfort as "experienced" from store visits in which they laid down on mattresses.

The defendants' now object to my sur-rebuttal report on the spurious grounds that it introduces new opinions not considered in my original report without disclosing that my sur-rebuttal report is a response to defendants' own introduction of the Blackstone surveys as a key part of their critique of my damages methodology.

Finally, I must point out that the defendants' counsel make incorrect and un-substantiated assertions about my reports. For example, in their "objections" dated 7/25/16, counsel for the defendants' state that I provided opinions regarding the reliability of the Blackstone survey data without providing the basis of those opinions. As a survey expert, PhD in econometrics, fellow of the American Statistical Association, I explained in detail each of the many flaws in the Blackstone Surveys and why these flaws render the survey results unreliable. I have taught and practiced rigorous survey research for more than 30 years. This background and these qualifications make me an expert in survey research and I am entitled to provide opinions on that basis. The defendants' experts cannot cite a single authoritative source as to why the practices of the Blackstone group meet rigorous scientific standards. Counsel for the defendants' also accused me of "ad hominem" attacks on the defendants' experts without a single citation to anything contained in my sur-rebuttal report. These too are without merit.

Respectfully submitted,

*[signature]*

August 1, 2016