UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVIN TODD, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>TEMPUR-SEALY INTERNATIONAL, INC., et al.,<br><br>　　　　Defendants. | Case No.13-cv-04984-JST<br><br>**ORDER GRANTING STAY**<br>Re: ECF No. 286 |

On September 30, 2016, this Court entered an Order Denying Plaintiff's Motion for Class Certification, and on October 14, 2016, Plaintiffs filed a Rule 23(f) Petition (the "Petition") with the Ninth Circuit Court of Appeals for permission to appeal this Court's September 30, 2016 Order. On October 17, 2016, Plaintiffs moved to stay these proceedings pursuant to Federal Rule of Civil Procedure 23(f). ECF No. 268. Defendants have not yet filed their response to Plaintiffs' Petition but have consented, through counsel, to the Plaintiffs' motion for a stay pending the Ninth Circuit's decision on Plaintiffs' Petition, and in the event that the Petition is granted, have agreed to a stay of proceedings in this Court pending the resolution of Plaintiffs' appeal.

**I.　　LEGAL STANDARD**

Under Federal Rule of Civil Procedure 23(f), a party may petition the court of appeals for permission to immediately appeal the denial of class certification. If the petition is granted, the interlocutory appeal "does not stay proceedings in the district court unless the district court or the court of appeals so orders." Id. To prevail on a motion to stay, Plaintiffs must show that (1) it is likely to succeed on the merits of the appeal; (2) it will be irreparably injured in the absence of a stay; (3) issuance of a stay will not substantially injure Defendants; and (4) the stay is in the public interest. Leiva-Perez v. Holder, 640 F.3d 962 (9th Cir. 2011). The Ninth Circuit has held that

these factors should be examined on a flexible "continuum," which is "essentially the same as the 'sliding scale' approach" applied to requests for preliminary injunction. Id. at 964-66. Using this approach, "the elements…are balanced, so that a stronger showing of one element may offset a weaker showing of another." Id. at 964. It is "clear," however, that "to justify a stay, petitioners needs not demonstrate that it is more likely than not that they will win on the merits." Id. at 966. Instead, "serious legal questions" raised in the petition can satisfy the first prong, id. at 967-68, with the "critical element" in this analysis being the "relative hardships to the parties," id. at 963.

## II.   DISCUSSION

### A.   "Serious Questions" Are Presented By The Rule 23(f) Petition

Plaintiffs have shown a sufficient likelihood of success on the merits to support the issuance of a stay of these proceedings because Plaintiffs' Petition raises "serious legal questions" on appeal. Gray v. Golden Gate Nat'l Recreational Area, No. 08-CV-00722, 2011 WL 6934433 at *3 (N.D. Cal., December 29, 2011). Leiva-Perez, 640 F.3d at 966.

### B.   Plaintiffs Would Suffer Irreparable Harm Absent A Stay

The "critical element" in the stay analysis is the "relative hardships to the parties." Id. at 963. This Court's present Case Management Order presently contemplates further "for trial" expert discovery, dispositive motions, and a trial on the merits of the Plaintiffs' individual claims. Given that the purchases at issue were of mattresses costing in the low thousands of dollars each, the expert and expert discovery costs alone would likely dwarf any recovery. In short, both Plaintiffs and Defendants would suffer "substantial harm if this action is not stayed pending appeal and the Court is later reversed on the issue of class certification, resulting in substantial time and resources being spent on this litigation, particularly expert discovery, dispositive motions and trial preparation . . . ." Gray, 2011 WL 6934433 at *2.

Proceeding to a trial on the Plaintiffs' individual claims prior to the Ninth Circuit's review of this Court's Order Denying the Plaintiffs' Motion for Class Certification would also subject the Plaintiffs and potentially, Class Members, to multiple trials. Plaintiffs contend that they face utilization of the same experts and trials of the same complexity and length on their individual claims, using the same evidence that Plaintiffs contend is common to each member of the

proposed putative class. It makes little sense for Plaintiffs to individually proceed to final judgment on their claims that are cumulatively worth far less than the costs of litigation. Absent a stay, further discovery, expert involvement, and a trial will result in substantial costs and expense to both parties. Given that, and a risk of irreparable harm to all, balance of hardships tips in favor of a stay of proceedings, given especially that the Defendants do not oppose the Plaintiffs' Motion.

### C.    Defendants Would Suffer No Harm From A Stay

Defendants have consented to the Plaintiffs' Motion, and a stay would therefore result in no material harm to the Defendants.

### D.    The Public Interest Weighs In Favor Of A Stay.

Finally, a stay pending the Ninth Circuit action would serve important interests of sound and fair judicial administration. A stay would avoid the parties and the Court wasting resources on litigation that might be changed on appeal. Gray, 2011 WL 6934433 at *3 ("The public interest lies in proper resolution of the important issues raised in this case, and issuance of stay would avoid wasting resources on a class action litigation which might be changed in scope on appeal.").

## CONCLUSION

Plaintiffs' Motion to Stay Proceedings is granted. The Court, in its discretion, hereby stays all further proceedings before this Court pending final resolution of the appellate proceedings before the Ninth Circuit.

IT IS SO ORDERED.

Dated: October 18, 2016

JON S. TIGAR
United States District Judge